AMERICAN RIO GRANDE LAND & IRRI-
GATION CO. v. KARLE et al.
(Nos. 6521, 6534.)

(Court of Civil Appeals of Texas. Austin,
Jan. 11, 1922. Rehearing Denied
Feb. 15, 1922.)

1. Injunction 148(2)—Difference in water
rates is not "debt," within statute requiring
bond in double the amount.

Where an injunction was issued to prevent
an irrigation company from charging more
than the contract rates, pending a suit to set
aside the rates fixed by the Board of Water
Engineers, the difference between the contract
rates and the rates fixed by the Board was
not a "debt," within Rev. St. art. 4650, requir-
ing a bond in double the amount of the debt,
which used the word in its narrower meaning
as a liquidated demand, so that the amount of
the bond was within the discretion of the court,
under article 4654.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Debt.]

2. Constitutional law 56—Legislature can-
not deprive district court of jurisdiction to
enjoin rates fixed by Water Board.

Since the Constitution has invested dis-
trict courts with power to issue injunctions to
enforce their jurisdiction, the Legislature had
no authority to provide that the courts could
not enjoin the enforcement of rates fixed by
the Board of Water Engineers, pending a suit
to set them aside.

3. Waters and water courses 257(1)—Stat-
ute authorizing fixing of rates does not pre-
vent temporary injunction against new rates.

The provisions of Acts 35th Leg. 4th Called
Sess. (1918) c. 55, authorizing suits to set
aside water rates fixed by the Board of Water
Engineers, providing that the case shall be
determined as other civil causes, but imposing
an unusual burden of proof upon the party at-
tacking the rates, does not prevent the issu-
ance of a temporary injunction to restrain the
enforcement of the rates pending determination
of the suit.

4. Statutes 195—Rule as to inclusion of one
thing excluding others applied with caution.

The rule of interpretation that inclusion
of one thing excludes others is sound in a
proper case, but it should be applied with cau-
tion as a rule to aid in discovering the legis-
lative intent.

5. Waters and water courses 257(1)—Irri-
gation company may be joined in suit to set
aside rates fixed by Board.

Though the statute provides that a suit
to set aside water rates fixed by the Board of
Water Engineers shall be brought against the
Board, so that the Board may be the only nec-
essary party, the irrigation company which is
interested in maintaining the increased rates
allowed by the Board is a proper party to a
suit by the water users to set aside the rates,
and may be joined as a defendant with the
Board.

6. Waters and water courses 257(1)—Stat-
ute regulating rates is remedial and should
be justly construed.

The statute authorizing the Board of Wa-
ter Engineers to fix the rates to be charged for
water furnished to the users is remedial in its
nature and intended to promote justice, and
should be given a fair and just interpretation.

7. Injunction 111—Venue of suit against
Water Board and company to set aside in-
creased rates and asking temporary injunc-
tion not governed by law as to injunction
suits.

A suit by water users against the Board
of Water Engineers and an irrigation company
to set aside increased rates allowed by the
Board can be maintained in Travi. county,
where the members of the Board reside and
the Board functions, though the company is
situated in another county, under Rev. St. art.
1830, exception 4, authorizing a suit against
two defendants in the county where either
resides, and exception 30, authorizing a suit in
a county where the venue is expressly fixed by
statute, notwithstanding a prayer for tempo-
rary injunction against the water company
ancillary to the main relief, and which, if it
were the sole relief sought, would require the
suit to be brought in county of the company's
residence, under articles 4643, 4653, fixing
venue in injunction suits.

8. Action 45(1)—Suit to enjoin enforce-
ment of rates may be joined with petition
to set aside rates.

There is no misjoinder of causes of action
in uniting with a suit to set aside increased
water rates fixed by the Board of Water Engi-
neers a suit to restrain the enforcement of
the increased rates by the company pending
the determination of their legality.

9. Action 45(1)—Statutory and nonstatu-
tory actions may be joined.

The fact that one of the causes of action
is statutory and the other nonstatutory does
not establish a misjoinder of causes of action.

10. Constitutional law 70(1)—Temporary
injunction against enforcement of increased
water rates not invalid as judicial suspension
of law.

The issuance of a temporary injunction
against the enforcement of increased water
rates allowed by the Board of Engineers,
pending the determination of the legality of
the rates in a suit by the water users, is not
invalid as an attempt by the court to suspend
the law authorizing the fixing of the rates.

11. Waters and water courses 257(1)—Pe-
tition sufficient to sustain temporary injunc-
tion against enforcement of increased water
rates.

A petition alleging that it was filed on be-
half of plaintiffs and all other water users
similarly affected, that the defendant company
had contracted to furnish water at specified

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rates, that the Board of Water Engineers had established increased rates which were unreasonable, and that, unless restrained, the company would compel the plaintiffs to pay the unreasonable rates or deprive them of their water, is sufficient to support a temporary injunction against the enforcement of the increased rates, at least after it was modified so as to protect only plaintiffs in the suit.

**12. Waters and water courses ⊗⊃257(2)— Court can determine both law and fact in determining validity of increased rates.**

The court has power to determine the reasonableness and justness of rates for irrigating water fixed by the Board of Water Engineers, according to its own independent judgment as to both law and facts.

**13. Appeal and error ⊗⊃1024(2)—Great weight should be given to judgment of trial court in granting temporary injunction.**

Whatever prima facie force should be given to rates fixed by the Board of Water Engineers by the trial court in ruling on a motion for temporary injunction against enforcement of the rates, the appellate court must give great weight to the judgment of the trial court in granting the injunction.

**14. Waters and water courses ⊗⊃257(1)— Proof indicating probability that final hearing would show rates were confiscatory justifies temporary injunction.**

Evidence in a suit to set aside increased rates fixed by the Board of Water Engineers which indicated that upon final trial the proof might be sufficient to justify setting aside the rates is all that is necessary to authorize a temporary injunction against the enforcement of the rates.

**15. Waters and water courses ⊗⊃257(1)—Special burden of proof does not apply to application for temporary injunction against rates fixed by Board.**

The provision of Acts 35th Leg. 4th Called Sess. (1918) c. 55, requiring a plaintiff who seeks to set aside rates established by the Board of Water Engineers to show by clear and satisfactory evidence that the rates are unjust, does not apply to an application for temporary injunction to restrain enforcement of the rates pending the final determination of their justice.

**16. Pleading ⊗⊃111—Plea of privilege presents question of law where facts are undisputed.**

Where there are no facts to be ascertained upon the plea of privilege because they are undisputed, it is a question of law whether the plea should be granted or overruled.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by F. G. Karle and others against the American Rio Grande Land & Irrigation Company and the Board of Water Engineers to set aside certain water rates as fixed by the Board and to enjoin the company from enforcing the rates. From an order overruling a motion to dissolve the temporary injunction granted to plaintiffs against the company alone and another order overruling the company's plea of privilege to be sued in the county of its residence, the company appeals. Affirmed.

Geo. H. Williams, of St. Louis, Mo., James B. Wells, of Brownsville, John P. Gause, of Mercedes, and D. W. Glasscock, of McAllen, for appellant.

W. L. Dawson, of Mission, Bennett & Anderson, of Mercedes, and Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellees.

BRADY, J. Appellees, F. G. Karle et al., who will be designated herein as plaintiffs, brought this suit against the Board of Water Engineers of the state of Texas and the American Rio Grande Land & Irrigation Company to set aside certain water rates, as fixed by the Board, and to enjoin the company from enforcing the same. The action is a class suit; it being brought by Karle and Christner, plaintiffs, for themselves, and in behalf of some 2,000 irrigators and water takers from the company in Hidalgo county, Tex. Prior to the institution of this suit, and on January 3, 1921, the company filed an application with the Board, alleging that in December, 1920, it had published a new schedule of water rates, effective January 1, 1921, which involved an increase in prior rates fixed by what is known as the "water contracts," and invoking the power of the Board to fix reasonable rates. The application asked that the published rates be approved, or, if deemed unreasonable, requesting the Board to fix reasonable rates, effective January 1, 1921. Three days later the plaintiffs herein, through attorneys representing the landowners under such irrigation system, joined in the request of the company in its application to the Board, reserving the right of appeal should they be dissatisfied with the rates fixed. Two days later plaintiffs filed suit in the district court of Hidalgo county, and there obtained an injunction against the company, requiring it to furnish them with water under the terms of their water contracts until some legal change thereof should be made. The decision of the Board was rendered July 30, 1921, and its order fixing the rates made them apply "for the calendar year 1921, and for each respective calendar year thereafter, and shall remain in full force and effect until such time as the same shall be altered, changed, or modified in accordance with law." The Board rates represent an increase over the "contract rates," and are different from the published rates of the company; the flat rate being higher and the water rate lower than in the published rates. Shortly after the

⊗⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

decision of the Board, the judge of the district court of Hidalgo county dissolved the injunction of that court and dismissed the suit.

There are two appeals from preliminary orders in this case now pending in this court; the first is an appeal from an order of the district court of Travis county overruling the motion to dissolve the temporary injunction granted plaintiffs against the company alone, and the other being an appeal from an order overruling the plea of privilege of the company to be sued in Hidalgo county. These appeals have been submitted together, and the causes are here consolidated and will be considered and decided together under cause No. 6521.

The pleadings are very voluminous, and it will be sufficient to state only so much as will fairly indicate the issues involved here. Plaintiffs alleged that they had water contracts with the company, stipulating that the rates therein fixed should not be altered, except after arbitration; that their lands were valuable only as irrigated lands, and their water supply was limited to that furnished by the company; that the published rates and rates fixed by the Board were unreasonable and unjust to them, and actually confiscatory. The due process clauses of the federal and state Constitutions were also invoked, and the rates were specifically attacked in numerous particulars, including the claim that the rates were made retroactive by the Board's order, and were therefore void. It was alleged that the existing contracts authorized the company to cut off plaintiffs' water supply upon the failure to pay irrigation charges; that their crops were in need of water, and unless the Board's rates were paid by them the company would shut off their water; and that actions at law for damages would necessarily involve a multiplicity of suits, which would not afford adequate protection to plaintiffs; that the company would also seek to enforce its statutory and contract liens against the numerous plaintiffs, who each had a common defense, based on the unreasonableness of the rates; that, if they should pay the Board's rates, restitution would be doubtful and difficult; and that they would suffer irreparable injury unless the Board's rates should be restrained pending final decision, whereas the company had adequate remedies at hand in event the rates should be finally upheld.

The defenses of the company, which alone has appealed in these proceedings, will be indicated in the discussion of the questions in the opinion.

The injunction, as originally issued, enjoined the company from collecting or attempting to collect or demand of plaintiffs charges in excess of existing contract rates, and from cutting off water to those plaintiffs paying or tendering payment of the existing contract rates. However, the court, of its own motion, on the hearing of the motion to dissolve, modified the temporary injunction so as to enjoin and restrain the company only from cutting off the water supply contracted for by the plaintiffs because of their failure or refusal to pay the rates fixed and promulgated by the Board, and in all other respects the injunction was dissolved. The injunction bond fixed by the court was in the sum of $5,000.

There is accompanying the record a very lengthy statement of facts. Each of the parties introduced their respective sworn pleadings, and numerous affidavits were introduced, as well as considerable oral testimony. We cannot undertake to set out all the facts nor the evidence in detail, but we have concluded that there was sufficient evidence to support the implied conclusions of the trial court, and to justify the court, in refusing to dissolve the temporary injunction.

The statutory provisions under which the rates were fixed by the Board and under which this action was brought in the district court of Travis county are contained in section 1 of chapter 55, Fourth-Called Session of the Thirty-Fifth Legislature, and are found in articles 5002hh, 5002kk, and 5002kkk, Complete Texas Statutes of 1920.

## Opinion.

The volume of business pending in this court will not permit an extended discussion of the many interesting questions presented in the briefs. We shall content ourselves, in the main, with a statement of our conclusions upon what are regarded as the controlling questions, and in such order as is deemed most convenient.

[1] It is contended that the injunction in this case was improvidently granted and continued in force as modified upon an insufficient bond under the law. Article 4650, Revised Civil Statutes, is relied upon, and it is claimed that the bond should have been at least double the sum of $149,000, because that is the amount of the increase under the Board rates over the contract rates. This statute has no application, because the rates enjoined do not constitute a debt within its meaning. We think, as applied to this action, the word "debt" in the statute is used in the narrower meaning of the term, that of a liquidated demand, especially in view of the associated words "the execution of a moneyed judgment." McNeal v. Waco, 89 Tex. 83, 33 S. W. 322; Twin City Co. v. Birchfield, 228 S. W. 616; Coss v. Coss, 207 S. W. 127. Under article 4654, Revised Statutes, the amount of the bond was within the sound discretion of the court, which has not been shown to have been abused.

It is claimed by the company that the district court of Travis county was without

jurisdiction to entertain a suit for injunction against it, because this is not a suit under the general equity powers or general original jurisdiction of such court, but is a special statutory action, created and controlled by articles 5002kk and 5002kkk, Complete Texas Statutes. It is specially urged that the jurisdiction and powers of such court are limited to and controlled by these statutes, and do not extend to the granting of an injunciton against the company.

Under our Constitution, district courts are courts of general jurisdiction, and have the express constitutional authority to issue writs of injunction when necessary to enforce their jurisdiction. It is claimed, however, that this power does not exist here, because the Board has the power and authority to fix reasonable rates for the furnishing of water which are conclusive until set aside in a proper action, and that this may be done only by petition filed in a district of Travis county "against said Board as defendant," and that such petition shall set forth the particular cause or causes of objection to the rate. Article 5002kk, Complete Texas Statutes.

Stress is also laid upon article 5002kkk, which provides:

"In all trials under the foregoing article, the burden of proof shall rest upon the plaintiff, who must show by clear and satisfactory evidence that the rates * * * are unreasonable and unjust to it or them."

Because the statutes provide that the petition shall be against the Board as defendant, and impose upon the plaintiff a high degree of proof, as well as requiring the objections to the rate to be stated in the petition, it is argued that it results by necessary implication that the Board is the only proper defendant in such a suit, and also that the jurisdiction of the district court is so limited as that no preliminary injunction can issue restraining the rates.

[2] We cannot accede to this view. The action against the company is for equitable relief, and is in a true sense ancillary to the main purpose of the action, that is, to set aside the rates. The Constitution having invested district courts with power to issue writs of injunction to enforce their jurisdiction, it is at least doubtful whether the Legislature has power to pass a statute denying a court the right to exercise this authority. Plaintiffs have invoked several constitutional guarantees and rights as against the rates fixed by the Board, which the company was attempting to infringe by enforcement of such rates pending final decision. They are entitled to their day in court upon these matters. The hearing before the Board was upon a matter purely legislative in its nature, and, if that governmental agency had acted arbitrarily and without regard to justice and right as to the plaintiffs, they are entitled to relief in the courts against oppressive tariffs, and that according to the constitutional and due process of law. The claim of the company is virtually that these landowners and water takers must submit to the alternative of paying arbitrary, oppressive, and unjust rates for water, or suffer irreparable injury to their crops and property pending final decision of the case on its merits. No citizen can be subject to such an alternative under the protection afforded by both the federal and state Constitutions. Irrigation Co. v. Paschen, 223 S. W. 329; Chicago, etc., Ry. Co. v. Minnesota, 134 U. S. 418, 10 Sup. Ct. 462, 702, 33 L. Ed. 970; Hooker v. Interstate Commerce Commission (Com. C.) 188 Fed. 242; Magruder v. Water Users, 135 C. C. A. 524, 219 Fed. 72.

It was expressly held by our Supreme Court, in Ry. Co. v. Railroad Commission, 102 Tex. 338, 113 S. W. 741, 116 S. W. 795, that, if express statutory authority had not been given to the courts to revise railroad rates, the courts, in the exercise of their equity powers, could have enjoined such rates, if found to be confiscatory or violative of the Constitution of this state or of the United States. Hence it may well be concluded that the Legislature had no power to deprive the courts of this authority, if such was the intention of the statutes in question.

[3] It is our view, however, that it was not intended to divest the courts of their equity powers in such an action. This not only because it will be presumed that the Legislature did not intend to violate the Constitution, but because the very terms of the act neither expressly nor by implication attempt to nullify such power. It is stated in article 5002kk that the case "shall be tried and determined as other civil causes in said court."

The provision for an unusual burden of proof does not affect the question. The provisions that the petition shall be against the Board as defendant and that the dissatisfied party may file a petition in a district court of Travis county do not indicate any intention to deprive the court of injunctive power. Indeed, the provision that the action shall be tried as other civil cases bears intrinsic evidence that as to the powers to be exercised by the court they are the same as in other actions.

[4] In respect to the claim just considered, the company relies largely upon the doctrine embodied in the maxim, Inclusio unius exclusio alterius est." In a proper case this is a sound and salutary maxim, but it should be applied with caution. Furthermore, it is but a rule employed to aid in discovering legislative intent. Allen v. Ry. Co., 100 Tex. 525, 101 S. W. 792.

[5] It may be conceded that, since the statute provides that the petition shall be filed against the Board as defendant, it is the only necessary party defendant, but it does not follow that other proper defendants might not be joined. The requirement that the suit should be against the Board is reasonably explained by the fact that such body has made the rates complained of, and, in the event they are held unreasonable and unjust, that body would be under the duty of fixing new rates. The Legislature well knew that the Board functions in Travis county, and is a necessary party defendant. The real party at interest, however, in upholding the rates fixed by the Board, is the company, which admits it would receive $149,000 more per year from the plaintiffs under the Board's rates than under its contract rates. The landowners are the dissatisfied persons and the company the satisfied party and, we think, a proper party. There is nothing in the language of the statute to preclude the company being joined, if necessary to do justice.

[6] The statute should be given a fair and just interpretation. State v. Ry., 165 S. W. 491; Sugg v. Smith, 205 S. W. 363. The Board having been invested with authority, and, indeed, it being made its duty, to fix reasonable rates, the provisions of article 5002kk must be regarded as remedial in their nature, and intended to promote justice in the matter of a review and revision of the rates fixed by the Board. This recourse to the courts is, in fact, to afford the dissatisfied person his day in court; and it should require clear and imperative language in the statute, as well as an accord with the Constitution, to deprive such person of his right to have before the court his real adversary, and his right to all equitable relief which will preserve the status quo, and protect him from deprivation of his constitutional rights. No such narrow interpretation as is contended for by the company should be given these statutes, and we hold that it is a proper party, and, further, that the district court of Travis county had jurisdiction to grant a temporary injunction, in effect suspending the enforcement of the rates pending final disposition of the case. Ohio Valley Water Co. v. Ben Avon Borough, 253 U. S. 287, 40 Sup. Ct. 527, 64 L. Ed. 908; Grafton Power Co. v. State, 77 N. H. 490, 93 Atl. 1028, 1031; Public Service Com. v. Ry., 188 Ind. 197, 121 N. E. 116, 118; Mississippi Railroad Com. v. Railroad, 115 Miss. 101, 75 South. 778, 780, Ann. Cas. 1918B, 828; Lusk v. Atkinson, 268 Mo. 109, 186 S. W. 703; Railway v. Stevens, 109 Tex. 262, 268, 206 S. W. 921; T. & N. O. Ry. v. Tram Co., 61 Tex. Civ. App. 353, 121 S. W. 256, 264; Stockwell v. State, 110 Tex. 500, 221 S. W. 932, 12 A. L. R. 1116.

In line with the reasoning above, we have concluded that there was no misjoinder of parties. We may assume, without deciding, that jurisdiction in this action lies exclusively in one of the courts of Travis county, and that the Board alone is named in the statute as defendant, and also that the petition is required to set out the particular objections to the rates. It does not follow that there was any misjoinder, either of parties or of actions.

[7] As to the question of venue over the company, it is provided by exception 30 of article 1830, R. S.:

"Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The main purpose of this action is to review and revise the Board rates, and the venue for such action is expressly given to Travis county. Articles 4643 and 4653, Revised Statutes, fixing the venue for injunction suits in the county of the domicile of the defendants, do not apply where the injunction is sought as ancillary to the main purpose of a suit otherwise controlled as to venue. Such is the present case. The main purpose of the suit is to set aside the Board's rates. The real party at interest is the company, and the issuance of an injunction pendente lite is but to practically protect the plaintiffs' rights pending the trial, and, in effect, is the exercise of power by the court, through injunction, to protect its conceded jurisdiction over the subject-matter. The fourth exception to article 1830, Revised Statutes, provides that where there are two or more defendants residing in different counties the suit may be brought in any county where any one of the defendants resides. The members of the Board sued in this action reside in Travis county, and since the Board functions there, as the capitol, it might be said its domicile is there. So it would appear that, under both of these exceptions, the suit was properly maintainable in Travis county, and that any proper party defendant might be joined.

[8] As to the matter of alleged misjoinder of actions, we have previously indicated the view that the action for injunction against the company was merely ancillary to the main purpose of the suit, namely, to review and set aside the rates; but we are further of the opinion that, if the injunction branch of the case be regarded as an independent action, it was nevertheless properly joined with the action to review and revise the Board rates, as the two causes of action are so closely related as that they might be joined in the same suit, to promote justice

and avoid a multiplicity of suits. Ry. Co. v. Tram Co., 61 Tex. Civ. App. 353, 121 S. W. 256; Buckholts Bank v. Thallman, 196 S. W. 687; Hitson v. Gilman, 220 S. W. 140.

[9] The fact that one of these actions is statutory and the other nonstatutory cannot, we think, affect the question. The company is vitally interested in the subject-matter of the suit, will be materially affected by any judgment rendered therein, and, for all practical purposes, is the real adversary to the plaintiffs. Therefore we hold that the maintenance of the status quo by preliminary injunction, whether regarded as merely incidental to the main relief sought, or considered as an independent action, was permissible in the same action.

[10] It is claimed further that the power of suspending a law rests alone in the Legislature, and that the effect of the injunction in this case is that the court has suspended a law, in violation of the Constitution. This is too fanciful an application of the constitutional rule. If it were logically applied, then the recognition by the Legislature of the authority of the court to finally set aside the Board's rates would likewise be unconstitutional and void. There is no suggestion that counsel are willing to go this far in the argument. Furthermore, it must be remembered that the courts are given power to issue injunctions to enforce their jurisdiction, and this authority rests upon as high a plane as the inhibition against the suspension of laws. However, we think it quite obvious that there has been no suspension of any law here within the meaning of the Constitution.

[11] It is said, too, that the injunction as modified by the court and continued in effect is fundamentally erroneous, because without pleadings to support it. We have carefully examined the pleadings, and find that they are amply sufficient as a basis for the relief originally claimed, and certainly for the greater reason support the narrower order as finally made.

[12-14] It is claimed that the injunction should have been dissolved, because no proof was offered tending to show the rates unreasonable or unjust. It appears that, in some respects, the answer of the company to plaintiffs' petition was based on general allegations, on information and belief, and that perhaps the court was authorized to consider some of the sworn averments. We wish to avoid any indication of opinion upon the force and sufficiency of the evidence as bearing upon the questions to be finally decided in this case; therefore what is here said, indeed, throughout the opinion, has relation only to the interlocutory matters before us. with this in mind, and remembering that the Board's action was upon a matter strictly legislative in character, the court had power to determine the question of the reasonableness and justness of the rates, according to its own independent judgment as to both law and facts. Therefore, whatever prima facie force should be given the rates fixed by the Board, in a preliminary hearing great weight should be given to the judgment of the trial court in respect to those elements of fact which entered into the forming of that judgment. We are persuaded that there was sufficient evidence before the trial court tending to show that the rates were unreasonable and perhaps confiscatory, or, at least, sufficient to make a case of probable right; that is to say, indicating that upon final trial the proof might be sufficient to justify setting aside the rates. This, we believe, was all that was required to justify an injunction pendente lite.

[15] In this connection we are of the opinion that the special burden of proof provided in article 5002kkk, Complete Texas Statutes, is not applicable to the preliminary matters involved here. It would seem to apply only upon the trial on the merits, in which the issue is the upholding or setting aside of the rates, not the mere granting of an injunction to preserve the status quo. An examination of the record convinces us that we should accept as a fact, in support of the trial court's judgment, that the allegations of the petition were substantially established by the proof in such degree as is necessary for a preliminary order of this kind. In continuing the injunction in effect pending the trial on the merits, the court doubtless balanced the inconveniences after hearing the evidence, and decided that plaintiffs had established a case of probable right and probable injury to that right, unless the injunction were continued. This discretion of the trial court should be respected and given great weight. Whitaker v. Hill, 179 S. W. 539.

[16] Upon the branch of the case involved in the appeal in cause No. 6534, we think there was no error in overruling and denying the plea of privilege and in refusing to transfer the suit for injunction to the district court of Hidalgo county, where the company has its domicile. Neither was there any error in overruling the various pleas in abatement and of misjoinder of actions and of parties. As to the plea of privilege, there were no facts to be ascertained upon this issue, they being undisputed, and therefore it became a matter of law whether it should be granted or overruled. Thomason v. Ham, 210 S. W. 561; Holmes v. Coalson, 178 S. W. 634. Under exceptions 4 and 30 to article 1830, plaintiffs were entitled to maintain the suit in Travis county. The reasons for these holdings have been previously indicated in the opinion.

While all the questions raised in the briefs

have not been discussed, they have all been carefully considered, and we have found no reversible error. Therefore the judgments appealed from in the two cases here consolidated are affirmed.

Affirmed.