FRANK A. JONES V. HONORABLE J. E. HICKMAN,
CHIEF JUSTICE, ET AL.

No. 5858. Decided April 28, 1932.
(48 S. W., 2d Series, 982.)

*Owen & Owen,* of Eastland, for relator.

*Turner, Rodgers & Winn,* of Dallas, for respondents.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The relator, F. A. Jones, filed a suit in the District Court of Eastland County against the respondents, the Oakland Motor Car Company and one C. J. Boyd, as defendants. In said suit, the relator sought to recover damages for personal injuries alleged to have been suffered by the relator as a result of the negligence of said defendants. Briefly stated, the allegations of the plaintiff's petition in that case are to the following effect: That the Oakland Motor Car Company is a Michigan corporation, with permit to do business in this State, and that said company has an agent in this State who resides in Dallas County. That C. J. Boyd, who resides in Eastland County, does business in Eastland County under the trade name of Boyd Motor Company. That the Oakland Company is engaged in the business of manufacturing, assembling and selling automobiles; that Boyd is the duly authorized agent and dealer in the products of the Oakland Company. That on December 8, 1926, the plaintiff, Jones, purchased from the defendant Boyd a certain automobile manufactured by the Oakland Company. That said automobile was, by said company, carelessly and negligently manufactured, and placed on the market for sale, in that some of its mechanical parts were defective and improperly assembled. That Boyd, in selling the automobile to the plaintiff, rep-

resented it as being properly made, and its parts properly assembled, and failed to warn the plaintiff of the defective construction of said automobile. That some six weeks after the purchase of the automobile, the plaintiff was driving same along the highway in Eastland County, when, because of said defects therein, the automobile failed to function properly, resulting in the automobile running off the highway into a ditch and injuring the plaintiff. For these injuries, the plaintiff sought damages from the Oakland Company and Boyd. The respondent, the Oakland Company, filed its plea of privilege to be sued in the county of its residence in this State, to-wit, Dallas County. The plea of privilege was in all respects in conformity to Article 2007 of the statutes. The plaintiff, Jones, filed his controverting plea, containing a general demurrer to the plea of privilege, and also containing allegations of fact upon which the plaintiff relied to confer venue on the court where the suit was pending, and, by reference, the plaintiff's petition in the suit was made a part of the controverting plea. At the hearing of the plea of privilege the plaintiff Jones introduced in evidence his petition in said suit. No relation between Boyd and the Oakland Company was shown, except by the allegations contained in the plaintiff's petition. There was no evidence to show that the Oakland Company has an agency or representative in Eastland County or that, prima facie, the said company rested under any liability to the plaintiff. The trial court overruled the plea of privilege, and the Oakland Company appealed from that judgment. The Court of Civil Appeals for the eleventh district reversed said judgment. In reversing the case, the Court of Civil Appeals for the eleventh district held, in effect, that the allegations contained in the plaintiff's petition did not constitute competent evidence of the facts there alleged. The case is styled Oakland Motor Company v. Jones, and reported in 29 S. W. (2d) 862. The relator seeks, in the present proceedings, to have the Supreme Court to issue mandamus to compel judges of said Court of Civil Appeals to certify the above case to the Supreme Court, on the ground that the decision of the said Court of Civil Appeals in said case conflicts with the decision of other courts of civil appeals in the following cases: Thomason v. Ham, 210 S. W., 561; Nolen v. Harding, 235 S. W., 687; Koch & Roedenbeck, 259 S. W., 328; Yates v. State, 3 S. W. (2d) 114; Payne v. Coleman, 232 S. W., 537; Humble Pipe Line Co. v. Kincaid, 19 S. W. (2d) 144; American Rio Grande Land and Irrigation Co. v. Karle, 237 S. W., 358.

■ The test by which a conflict of decisions, such as will give the Supreme Court jurisdiction, is laid down by the Supreme Court in Garrity v. Rainey, 112 Texas, 369, 247 S. W., 825, as follows:

"The conflict of decisions of Courts of Civil Appeals which will authorize this court to issue a writ of mandamus and require certification must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apaprent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other words, the ruling alleged to be in conflict must be upon the same question, and unless this is so, there can be no conflict."

Applying the above test to the ruling of the Court of Civil Appeals of the eleventh district in the case under consideration and to the rulings of other courts of civil appeals in the cases above cited, no such conflict as requires certification appears. The first three cases cited were suits of such character as fall under contemplation of section 14, article 1995 of the statutes, which declares that all suits for the recovery of land or damages thereto, etc., must be brought in the county in which the land, or a part thereof may lie. The fourth case cited was a land suit brought by the State, in Travis County, under the authority of Article 5420 of the statutes. The ruling in those cases was, in substance and effect, that where the particular character of the suit constitutes a factor in determining the question of venue, the character of the suit becomes a law question, arising on the pleadings. Plainly none of those decisions embrace a ruling to the effect that where venue depends upon the existence of facts which may or may not exist, irrespective of what the plaintiff's petition discloses, the fact allegations contained in the petition constitute competent evidence of the facts alleged. No such question was involved there. The venue question which was involved in the case decided by the Court of Civil Appeals for the eleventh district, and which is now under consideration, is of the sort just mentioned, and differs in material respects from the question decided in the four cases mentioned above.

■ The case of Payne v. Coleman, cited above, is not necessarily in conflict with the decision in the case under consideration. The former case involved a different state of facts

from that involved in the latter. In the former case, the decision, shorn of all superfluous matter, was to the effect that, in the absence of controverting proof, the plea of privilege filed by the defendant conclusively proved that venue did not lie in the county in which the suit was brought. In Humble Pipe Line Co. v. Kincaid, cited by the relator, the report of the case shows that a plea of privilege and controverting affidavit were filed, and, "after hearing the evidence," the trial court overruled the plea of privilege. For aught that appears from the report of the case, all necessary facts to show venue were alleged in the controverting affidavit and were proved by competent evidence. The only other case cited by the relator as producing a "conflict of decision" is the case of American Rio Grande Land and Irrigation Co. v. Karle, 237 S. W., 358. The most careful inspection of the court's opinion in that case fails to disclose a conflict between that decision and the decision of the Court of Civil Appeals in the case under consideration here.

In passing, we might add that the ruling of the Court of Civil Appeals, of which the relator complains, is well supported by the following decisions: Duffy v. Cole Petroleum Co., 117 Texas, 387, 5 S. W. (2d) 495; World Co. v. Dow, 116 Texas, 146, 287 S. W., 241; Coalson v. Holmes, 111 Texas, 502, 240 S. W., 896; Greenville Gas & Fuel Co. v. Commercial Finance Corporation, 117 Texas, 124, 298 S. W., 550; Berry v. Pierce Petroleum Co., 120 Texas, 452, 39 S. W. (2d) 824.

Finding no such conflict of decision as calls for certification, we recommend that the mandamus sought by relator be refused.

The opinion of the Commission of Appeals is adopted, and the mandamus refused.

C. M. CURETON, Chief Justice.