HAYS v. McKEMIE et al.

No. 9490.

Court of Civil Appeals of Texas. Austin.

Jan. 3, 1945.

Rehearing Denied Jan. 31, 1945.

J. B. Talley, of Temple, and E. A. Camp, of Rockdale, for appellant.

Wallace & Wallace, of Cameron, for appellees.

BAUGH, Justice.

The appeal is from an interlocutory order of the trial court overruling appellant's plea of privilege to be sued in the county of his residence.

Both appellant and appellees reside in Bell County. The appellees sued appellant in trespass to try title, and for damages, to land situated in Milam County. Their petition in all respects complied with the provisions of Rule 783, Texas Rules of Civil Procedure, and contained the endorsement, "This action is brought as well to try title and for damages." The appellant filed his plea of privilege to be sued in Bell County where he resided. This plea was in usual stereotype form, containing the allegations required in Rule 86, Texas Rules of Civil Procedure. It was duly controverted by appellees, wherein they set up the nature of their cause of action as being in trespass to try title, adopted by reference the fact allegations of their petition, alleged that the land involved was situated in Milam County; and that the venue was laid under Subdivision 14 of Art. 1995, R. C.S. Thereafter, by amended plea of privilege, the appellant alleged that neither the plaintiffs nor the defendant were at the time the suit was filed, nor subsequent thereto, owners of a determinable fee-simple title to said land, nor in possession of said real estate. Upon the hearing of the plea of privilege, the plaintiffs introduced in evidence the controverting affidavit, the endorsement on their petition, the endorsement on the controverting affidavit, lis pendens notice filed in Milam County, and agreement of counsel that the land was situated in Milam County.

The sole contention made by the appellant herein is that such proof did not meet the burden cast upon them by the plea of privilege. This contention is not sustained.

Appellant cites and relies upon cases wherein partition suits filed under the provisions of Art. 6082 and under Subdivision 13 of Art. 1995, R.C.S. were involved, as laying down the burden of proof cast upon such plaintiffs as against a plea of privilege. See Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Goolsby v. Bond, C. J., 138 Tex. 485, 163 S.W.2d 830; and Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307. Those cases, however, do not involve the question raised herein. They merely hold that suits filed as partition suits under Subdivision 13 of Art. 1995, if they involve a disputed issue of title to such land, are governed by Subdivision 14 instead of Subdivision 13, in so far as the title issue is concerned, and must be tried in the county where the land is situated. Consequently a plea of privilege in such cases may raise a fact issue as to whether title is involved; and consequently that proof of facts on that issue may be necessary in order to determine venue.

■ In the instant case, however, the character of the suit is not disputed. It is patently a suit in trespass to try title; and it is admitted that the land involved is situated in Milam County. When these two matters are determined,—that is, the character of the suit and the location of the land,—the venue is fixed by Subdivision 14 of Art. 1995, and the rule here applicable is stated by the Supreme Court in Jones v. Hickman, C. J., 121 Tex. 405, 48 S.W.2d 982, 983, that "where the particular character of the suit constitutes a factor in determining the question of venue, the character of the suit becomes a law question, arising on the pleadings," and the character of the suit is determinable solely by the allegations contained in the petition. See Koch v. Roedenbeck, Tex.Civ.App., 259 S.W. 328; Yates v. State, Tex.Civ.App., 3 S.W. 2d 114.

■ The mere fact that the appellant in his amended plea of privilege specifically denied both ownership and possession of the lands by either the appellees or the appellant in nowise changes the nature of the suit. Those were but issues of fact to be determined on the merits and not as bearing upon the character of suit involved. Sullivan v. Lucas and Rado Refining and Producing Co. v. Lucas, Tex.Civ. App., 93 S.W.2d 613, are directly in point on the issue here presented. See also the cases therein cited, and Knape v. Johanson, Tex.Civ.App., 170 S.W.2d 319.

Finding no error the judgment of the trial court is affirmed.

Affirmed.