**CAMPBELL et al. v. BURFORD OIL CO. et al.**

**No. 6263.**

Court of Civil Appeals of Texas. Texarkana.
Feb. 14, 1947.

Rehearing Denied Feb. 20, 1947.

William S. Campbell, of Dallas, for appellants.

B. Reagan McLemore, of Longview, for appellees.

WILLIAMS, Justice.

Grounded on the provisions of Subdivision 14 of Article 1995, R.C.S. of Texas, the court overruled the plea of privilege of R. B. Campbell and associates, the defendants, to be sued in Dallas County, Texas, admittedly the county of their residence. Burford Oil Company and Estelle Oil Corporation, plaintiffs below, and defendants entered into a drilling contract, in writing, whereby the latter were employed to drill a well for oil, designated as Well No. 4 on Tract No. 2, situated on a 1.58 acre tract of land situated in Gregg County, Texas. Plaintiffs executed an oil payment assignment pursuant to the terms of the drilling contract. On rumors of threatened litigation over the legality of the permit granted to drill the well, plaintiffs and defendants entered into an amended contract and an amended oil payment assignment. The assignment as amended, reads: "Assignors agree to defend litigation, if any, attacking the validity of the permit from the Railroad Commission of Texas under which said well is being drilled; and guarantee

payments hereunder by purchasers of oil from the well while said litigation is pending. Should the validity of said permit be attacked and the litigation in connection therewith be successfully defended by assignors, resulting in said permit being held valid, then and in that event, for the drilling of said well No. 4, assignees herein shall receive the sum of $10,500.00, out of 5/8ths of 5/6ths of 7/8ths oil from well No. 4, in lieu of the $12,500.00 heretofore assigned in this instrument. Should said permit be invalidated, or set aside, before the full and final payment of the oil payment consideration hereunder to assignees, then and in that event said assignees shall receive the unpaid balance, up to $8,500.00, out of 5/8ths of 5/6ths of 7/8ths oil from well No. 2, Tract No. 2, located upon this property, immediately following the retirement of the existing oil payment on that well in favor of assignees herein."

Litigation did develop in which plaintiffs unsuccessfully defended. During the three years' period the well produced and prior to the time the well closed in as a result of a court decree, defendants received from oil runs under above assignment $7,031.56. Plaintiffs then paid to defendants $1,468.44, making a total of $8,500 received by defendants. Plaintiffs contend that such payments fully satisfies the obligations under the contract. Defendants have refused to execute a release of all claims under the oil payment assignment. Defendants contend that the contract provides for the payment of either $12,500 or $10,500 for their services, and that they would be entitled to the difference between $8,500 and $10,500 should Well No. 4 at some later date be reinstated by order of the Railroad Commission.

In their original petition, plaintiffs plead the original contract and oil payment assignments, the amendments thereto, a copy of each being attached and made a part thereof. They alleged the fact of their unsuccessful defense of the litigation; the payment of the $8,500; their demand for and defendants' refusal to execute a release; and the claim being asserted by defendant and the asserted cloud on their leasehold estate by reason of the recorded instruments which without extrinsic evidence would import an unsatisfied valid oil payment assignment. Their prayer reads: "Premises considered plaintiffs pray that the cloud cast on their title to said tract hereinabove described by the claim of defendants be removed, that their title be pronounced free and clear of any asserted claim by defendants, that defendants be required to execute a release of the oil payment assignment, for costs of court and for such other and further relief to which they may show themselves entitled."

In their controverting plea plaintiffs followed substantially the same allegations. On the hearing plaintiffs introduced abovementioned recorded instruments, the original petition and other evidence in support of their pleadings.

The allegations in the petition, with the prayer for relief, support the legal conclusion that plaintiffs' cause of action involved an interest in land, namely: 5/8 of 5/6 of 7/8 oil called for in the oil payment assignment out of plaintiffs' leasehold estate. Humble Oil & Refining Co. v. Monroe, Tex.Civ.App., 129 S.W.2d 454; Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021.

It is without cavil that such an assignment under its terms so recorded would constitute a cloud on an asserted interest in the leasehold estate owned by plaintiffs and would so remain until or unless released voluntarily or removed by judicial determination. 34 Tex.Jur., pp. 818, 819, 820. It being without dispute, as alleged in the pleadings, that the tract of land was situated in Gregg County, it therefore follows that venue of this suit, from the nature of the same determinable from the allegations in the petition, lies in Gregg County under the provisions of Subdivision 14 of Art. 1995, supra, which reads: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The construction of the contract on its merits may be necessary on final trial to entitle plaintiffs to the relief sought, which frequently exists in the character of litiga-

tion enumerated in Subdivision 14, supra, but such fact does not change the nature of the suit, evident in its pleadings, from an action to remove cloud from title. Hays v. McKemie et al., Tex.Civ.App., 185 S.W.2d 484.

"Where the particular character of the suit (as here) constitutes a factor in determining the question of venue, the character of the suit becomes a law question, arising on the pleadings." Jones v. Hickman, C. J., 121 Tex. 405, 48 S.W.2d 982, 983; Wood v. Tandy, Tex.Civ.App., 299 S.W. 282; Walter v. Hammonds, Tex.Civ.App., 42 S.W.2d 1083, 1084; Smith v. Abernathy, Tex.Civ. App., 6 S.W.2d 147; Great Southern Life Ins. Co. v. Williams, Tex.Civ.App. 77 S.W. 2d 900.

The judgment is affirmed.