### SCANLAN et al. v. STATE.

#### No. 9748.

Court of Civil Appeals of Texas. Austin.

Nov. 3, 1948.

Rehearing Denied Nov. 24, 1948.

Walter F. Brown, of Houston, for appellants.

Price Daniel, Atty. Gen. of Texas, and Marietta Creel and W. V. Geppert, Asst. Attys. Gen., for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling pleas of privilege seeking to change the venue from Travis to Fort Bend County, where defendants resided.

The suit was by the State; brought under Arts. 7076 and 7076a, Vernon's Ann.Civ.St., to recover inheritance taxes. The order overruling the plea recited that the trial judge was "of the opinion that the questions herein presented are controlled by the opinion of the court in Magnolia Petroleum Co. v. State, Tex.Civ.App., reported in 190 S.W.2d 581, 583." We are in full accord with this holding. It should be noted that no application for writ of error was filed in that case, our jurisdiction therein being final. However, mandamus to compel certification, on the ground of alleged conflict of holdings in the Magnolia case with those of other decisions of the Supreme Court and Courts of Civil Appeals, was applied for; motion to file which application was.

overruled by the Supreme Court. Every issue raised in the instant case was expressly decided in the Magnolia case, and refusal by the Supreme Court to entertain the mandamus application in that case constituted an authoritative pronouncement by the Supreme Court that the holdings which controlled the decision in that case were not in conflict with decisions of the other stated courts.

The taxes in issue are upon the inheritance of property by the original defendants, Stella and Lillian Scanlan, from their three sisters who died intestate on April 15, 1918, January 11, 1926, and April 26, 1936, respectively. No administration was had on the estate of any of these three sisters; nor, as to either estate, was any proceeding had to appraise the property and fix the amount of the tax provided for in Arts. 7126–7131, Vernon's Ann.Civ.St.

The contention of appellants is that the case at bar is essentially different from that in the Magnolia case, in that this is an inheritance tax case wherein the prerequisites to ascertainment of the existence of the tax, its amount, if any, its non-payment within the statutory period (Art. 7134) are essential to factors (assertedly venue) embraced in the expression "delinquent State taxes due and owing to the State of Texas," whereas the Magnolia case involved chain store taxes, the amount of which is fixed by statute. We can perceive of no merit in this asserted distinction. The contention was made in the Magnolia case that the taxes were not "delinquent State taxes due and owing to the State" and therefore did not come within the provisions of Arts. 7076 and 7076a fixing venue of suits for such taxes in Travis County; which contention was thus disposed of:

"It seems equally plain to us that the purpose and express intent of the Legislature was to lay the venue of all suits for taxes of the character stated in the first sentence of Art. 7076a (of which this, an occupation tax, is concededly one) in Travis County. It is true the sentence relates to 'delinquent State taxes due and owing to the State.' But manifestly, we think, these words have no application to the issue of venue. A suit for taxes cannot

properly be maintained unless the taxes are delinquent, due and owing. These are matters, however, that go either to the merits of the suit or to the issue of whether it is prematurely brought. The State clearly has a right to litigate a claim which it asserts to a tax liability. And we think it was clearly the intention of these articles to lay the venue of suits asserting such tax liability in Travis County. The only venue question involved was whether the suit was of the character described in Art. 7076a; and 'where the particular character of the suit constitutes a factor (here the only factor) in determining the question of venue, the character of the suit becomes a law question, arising on the pleading.' Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982, 983."

This is a suit for inheritance taxes within the express enumeration of Art. 7076a.

The order appealed from is affirmed.

Affirmed.