

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 31, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-289

Re: Whether the County Attor-
ney or the Attorney Gen-
eral has the duty to file
suit for foreclosure of
the State's lien for delin-
quent inheritance taxes
and the venue and juris-
diction of such suits.

Dear Mr. Calvert:

You have advised us that inheritance taxes have been
assessed and are delinquent, due and owing from the estates
of seven decedents who died in Harris County, Texas. You
request the opinion of this office on the above captioned
matter, in view of Article 1.04, Chapter 1, Title 122A,
Tax.-Gen., Vernon's Civil Statutes, and of Article 14.20,
Chapter 14, Title 122A, Tax.-Gen., V.C.S.

Article 1.04 reads, in part, as follows:

"(1) All delinquent State taxes and
penalties therefor due and owing to the
State of Texas, of every kind and charac-
ter whatsoever, including all franchise,
occupation, gross receipts, gross produc-
tion, gross premiums tax on insurance
companies, inheritance, gasoline, excise
and all other State taxes which become
delinquent other than State ad valorem
taxes on property shall be recovered
by the Attorney General in a suit brought
by him in the name of the State of Texas.

"(2) The venue and jurisdiction of
all suits arising hereunder is hereby
conferred upon the courts of Travis
County."

Article 14.20 reads as follows:

"If the amount of tax due hereunder
as shown by such assessment furnished
by the county judge and Comptroller is

-1381-

> not paid within three months from the
> date of said assessment, same shall
> draw two per cent interest per month
> until paid, beginning with the date
> of notice of such assessment, and
> shall be added to said tax and
> collected as a penalty. If said
> tax and penalty are not paid within
> nine months from the date of such
> assessment the Comptroller shall
> so advise the county attorney, or
> if there is no county attorney then
> the district attorney, who must
> immediately file suit in the dis-
> trict court to foreclose the tax
> lien as other tax liens are fore-
> closed."

Article 1.04 has its source in Acts 1933, 43rd Leg. p. 581 ch. 192 § 1, formerly carried as Article 7076, Chapter 2, Title 122, Taxation, Vernon's Civil Statutes. Article 1.04 covers essentially the same matter included in the former Article 7076, but there are substantial differences. The authority presently conferred on the Comptroller was formerly exercised by the State Tax Commissioner and the State Tax Board; and it was previously provided that "The penalties provided for by this Chapter shall be recovered by the Attorney General in a suit brought by him in the name of the State of Texas; . . ." .

The only suit which has ever been instituted by any Attorney General in Travis County to recover delinquent inheritance taxes pursuant to the provisions of Articles 7076 and 7076a, Vernon's Annotated Civil Statutes, is Scanlan v. State, 215 S.W.2d 203 (Tex.Civ.App. 1948). The opinion in the Scanlan case is concerned with the disposition of an appeal from an interlocutory order overruling pleas of privilege seeking to change the venue from Travis County to Fort Bend County where the defendants resided. The case holds that the suit to recover inheritance taxes on property which the defendants had inherited from sisters dying intestate and on whose estates no administration had been had and in connection with which no proceeding had been had to appraise property and fix the amount of inheritance taxes due the State, was a suit for "delinquent State taxes due and owing to the State" within the provisions of Articles 7076 and 7076a, and that, therefore, venue properly lay in Travis County. Thus, the Scanlan case dealt with a situation entirely different from that presented by your request in that there had been no

assessment of inheritance taxes against the estates of the decedents therein involved.  Whereas, since there has been an assessment in the estates here under consideration, the facts as they exist come within the express provisions of Article 14.20, which requires that:

> ". . . If said tax and penalty are not paid within nine months from the date of such assessment the Comptroller shall so advise <u>the county attorney, or if there is no county attorney then the district attorney, who must immediately file suit in the district court to foreclose the tax lien as other tax liens are foreclosed.</u>"  (Emphasis supplied.)

Keeping this distinction in mind, we find no ambiguity or conflict between Articles 1.04 and 14.20.

We do not want this holding to be misconstrued.  We do not hold that the Attorney General could never in any instance  file suit in a District Court of Travis County to foreclose the State's lien for delinquent inheritance taxes after an assessment has been made.  We do hold that the County or District Attorney has a positive and primary duty in the first instance to file suit for the foreclosure of such liens.  It may well be that in cases involving a large amount of inheritance taxes or questions of great importance to the jurisprudence of this state the Attorney General might properly join with the County or District Attorney in a suit to foreclose inheritance tax liens.  In <u>State v. Hogg</u>, 123 Tex. 568, 70 S.W.2d 699 (1944; rehearing denied, 123 Tex. 568, 72 S.W.2d 593), the Attorney General and the Criminal District Attorney of Harris County, Texas, there being no County Attorney in said county, sued Mike Hogg as executor under the will and estate of W. C. Hogg, deceased, and twenty-three other individuals, to whom property had passed under Hogg's will, to recover inheritance taxes and penalties claimed to be due the State of Texas by virtue of the inheritance tax statutes of this state.  Exemptions for the devises and bequests in question were claimed on various grounds and were denied. However, the devisees and legatees under the will who had not received notice of the assessment of the inheritance taxes involved were held not liable for penalty for delay in payment of the tax.  Again, it is noteworthy that the inheritance taxes had been assessed and that suit for collection of the taxes was filed in a District Court of Harris County, the residence of the decedent, in accordance with the provision (although this point was not specifically questioned) of

Article 7134, Chapter 5, Title 122, Taxation, Vernon's Civil Statutes.  The provisions of Article 14.20 are identical with the provisions of Article 7134.

We think that our conclusion that Articles 1.04 and 14.20 are clearly reconcilable is justified for the reasons we have previously stated.  However, if the two articles be deemed ambiguous, there is further support for our conclusion in that it is consistent with the well recognized rule of statutory construction that statutes relating to the same subject matter will be harmonized and reconciled whenever possible to avoid irreconcilable conflict, 53 Tex.Jur.2d 243, Statutes, Section 164, and authorities cited therein. Moreover, you have advised us that it has been the adminis- trative practice of the Comptroller's Department that ever since the original enactment of Article 14.20, which, we reiterate, has remained in the identical form of its original enactment in 1923, Acts 1923, 38th Leg. 2nd C.S. p. 63 ch. 29 Sec. 18, to advise the County Attorney, or in the event there is no County Attorney, the District Attorney, of inheritance taxes which have not been paid within nine months from the date of assessment, and that, throughout the years, the County or District Attorneys, as the case may be, have filed suits to foreclose the inheritance tax liens as other tax liens are foreclosed.  It is, of course, well settled that the departmental construction of an ambiguous statute by the official charged with the administration and enforcement thereof is entitled to great weight and will not be departed from unless clearly wrong.  53 Tex.Jur.2d 259, Statutes, § 177.

Even if Articles 1.04 and 14.20 were viewed as being in irreconcilable conflict, the provisions of Article 14.20 are still necessarily controlling.  We quote the following excerpt from 53 Tex.Jur.2d 233, Statutes, § 161:

> "In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter, since a specific statute more clearly evi- dences the intention of the legis- lature than a general one; and this is so whether the provisions in question are contained in the same act or in different enactments."

Article 14.20 is the special provision pertaining to the foreclosure of inheritance tax liens when inheritance taxes have not been paid within nine months after assessment.

If Article 14.20 were treated as being in irreconcilable conflict with Article 1.04, the result would be to repeal Article 1.04 to the extent of the conflict since it is last in order of position or arrangement. However, this rule is followed only when all other means of interpretation have been exhausted. 82 C.J.S. 717-720, Statutes, Sec. 347; 53 Tex.Jur.2d 150, Statutes, Sec. 101; Parshall v. State, 62 Crim.Rep. 177, 138 S.W. 759 (1911); Stevens v. State, 70 Crim.Rep. 565, 159 S.W. 505 (1913). We believe we have sustained rather than exhausted other means of interpretation.

You are therefore advised that the County Attorney of Harris County has the duty to file suit for foreclosure of the State's lien for delinquent inheritance taxes due and owing from the estates of seven decedents who died in Harris County, Texas, and that Harris County District Courts properly have venue and jurisdiction of said suits. This is true regardless of the fact that in one of the estates property formerly belonging to the decedent is not within Harris County so long as it is within the jurisdiction of this State.

## S U M M A R Y

The Harris County Attorney has the duty of filing suits for foreclosure of the State's lien for delinquent inheritance taxes, and Harris County District Courts properly have venue and jurisdiction of said suits even

in those instances in which property
formerly belonging to a decedent is
not within Harris County, so long as
it is within the jurisdiction of this
State.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. E. Allen
Arthur Sandlin
Larry Merriman
Harry Gee

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone