ROY HERRINGTON ET AL V. HONORABLE ATWOOD McDONALD ET AL.

No. 8111.  Decided October 6, 1943.
(174 S. W., 2d Series 307.)

*Floyd Jones,* of Breckenridge, and *William Pannill,* of Fort Worth, for petitioners.

*L. H. Welch,* of Breckenridge, and *Looney & Clark* and *Everett L. Looney,* all of Austin, *McLean & Scott and Glover & Johnson,* all of Ft. Worth, for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original mandamus proceeding, filed in this Court by Roy and Mary Herrington, husband and wife, against the Justices of the Court of Civil Appeals for the Second District at Fort Worth, to compel them to certify to this Court certain questions of law arising in a plea of privilege or plea of venue, appeal pending in that court. R. L. Glasscock and Mrs. W. P. McLean are joined as parties hereto. Mrs. McLean is joined individually and as independent executrix of the estate of W. P. McLean, deceased.

It appears from the record before us that Glasscock filed a suit in the District Court of Tarrant County, Texas, in the form of a statutory action to partition land situated in Stephens County, Texas. W. P. McLean and Roy and Mary Herrington were named as parties defendant in such suit. W. P. McLean died after the filing of the suit, and his surviving wife was joined as a defendant in his stead. As already indicated, Mrs.

McLean was joined individually and as independent executrix. From the record before us we are unable to say whether Article 1982, Revised Civil Statutes, has been complied with or not.

In his petition in the district court Glascock alleges that he owns an undivided 1/16th interest in this land; that the Herringtons own an undivided 12/16th; and that Mrs. McLean, individually and as independent executrix, owns an undivided 3/16th. Glasscock's petition seeks to partition the land in the proportions above indicated.

After the filing of Glasscock's petition, and in due time, the Herringtons filed their plea of privilege or venue, wherein they sought to have the venue of the cause under discussion changed to Stephens County, Texas, where this land is situated. Glasscock filed a controverting affidavit, and trial was had concerning the venue only. At the conclusion of such trial the district court overruled the plea of privilege or venue. The Herringtons duly appealed to the Fort Worth Court of Civil Appeals. After hearing, that court rendered its opinion and judgment, affirming the judgment of the district court. In due time the Herringtons filed in the Court of Civil Appeals their motion for rehearing. Also, they filed motion and supplemental motion to certify certain questions of law to this Court. The Court of Civil Appeals on the same day, February 26, 1943, overruled all such motions. This proceeding was then seasonably filed in this Court by the Herringtons.

As already stated, Glasscock filed the suit in the District Court of Tarrant County, Texas, as a statutory action to partition land in Stephens County. He contends that he has venue in Tarrant County under Subdivision 13 of Article 1995 of our Civil Statutes, because he has one defendant and joint owner, Mrs. McLean, living therein. The Herringtons contend that this suit, though instituted in the form of a statutory action to partition land in a county where one of the defendants resides, in reality involves a disputed issue of title as to the land in question; and therefore the venue thereof is governed by Subdivision 14 of Article 1995 of our Civil Statutes, and not by Subdivision 13 of such article.

Subdivision 14 of Article 1995 of our Civil Statutes requires that all suits involving a disputed issue of title to land shall be brought in the county in which the land is situated. Subdivision 13 of the same article provides, among other things, that a suit to partition land may be brought in the county in which the land,

or any part thereof, is situated, or in any county in which one or more of the defendants may reside; but that, "Nothing herein shall be construed to fix venue of a suit to recover the title to land." It is settled by the decisions of this Court that Subdivision 14 of Article 1995, supra, governs all suits which involve disputed issues of title to land in this State. In this regard it is also settled that venue cannot be laid outside the county where the land is situated, in a partition suit under Subdivision 13 of Article 1995, supra, if such suit involves a disputed issue of title to such land or any part thereof. Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113; Pena v. Sling, 135 Texas 200, 140 S. W. (2d) 441, 128 A. L. R. 1223; Tide Water Oil Co. v. Bond, 135 Texas 334, 143 S. W. (2d) 751; Tide Water Oil Co. v. Bean, 138 Texas 479, 160 S. W. (2d) 235; Goolsby v. Bond, 138 Texas 485, 163 S. W. (2d) 830.

■ . The opinion of the Court of Civil Appeals recognizes the law as we have announced it above, but we think such opinion fails to apply it in this case. In this regard the opinion of the Court of Civil Appeals holds that the evidence in this record is conflicting as to whether or not the Herringtons are claiming title to this land adverse to the title claims of Glasscock and Mrs. McLean. As we view this record, it contains no such conflicting evidence. It may contain conflicting evidence on the question as to who actually owns this land, (we do not decide one way or the other on that question), but we think it contains no evidence tending to show that the Herringtons are not claiming adversely to Glasscock and Mrs. McLean; and the burden was on those asserting venue in Tarrant County to show, not that the Herringtons have no adverse title, but that they do not so claim. In our opinion, the failure to apply the law as we have announced it, under the circumstances just detailed, for all practical purposes, amounts to a conflict with the cases above cited.

■ As to the Herringtons' claim of adverse title, we think the testimony of Glasscock, quoted in the opinion of the Court of Civil Appeals, shows that he recognized that the court which finally tries this case will have to try and decide an adverse claim of title. Also, the evidence in this case shows that: The Herringtons are in adverse possession of all of this land, and have been for a number of years; that during the time of such possession the Herringtons have paid the taxes on this land; that during the time of such possession the Herringtons have made valuable permanent improvements on this land; and that during such time the Herringtons have paid no rents to either

Glasscock or Mrs. McLean. This record further shows that Mr. Herrington offered to testify as to the basis of his claim to this land, but that he was prevented from doing so under the trial court's ruling that he was disqualified as a witness under Article 3716 of our Civil Statutes. Under such a record, we think there is no evidence in this record tending to show that the court which tries this case will not be called on to determine a disputed issue of title between the Herringtons on the one side and Glasscock and Mrs. McLean on the other.

As we understand their arguments made in this Court, counsel for Glasscock and Mrs. McLean contend that this record shows conclusively that the Herringtons are not claiming any title to this land adverse to Glasscock or Mrs. McLean, because such evidence conclusively shows that the title to this land is vested as in Glasscock's petition alleged. We are unable to sustain this contention. The law of venue in a land partition suit, where a disputed issue of title is presented, contemplates that the district court of the county in which the land is situated shall first or originally try the issue of title,—and that means that such court shall first or originally try and decide all questions of law, as well as all questions of fact pertaining to such issue. Goolsby v. Bond, supra.

■ The Court of Civil Appeals cited Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91, as sustaining its judgment in this case. Compton v. Elliott is authority for the rule that where venue is challenged by a proper plea, the burden rests on the plaintiff to plead and prove that venue is properly laid in the county where the suit was brought. This general rule may be said to apply in all venue cases; but the character of pleading and proof required differs as the provisions of the several exceptions to Article 1995, supra, differ. In Compton v. Elliott the venue was asserted by the plaintiff under Subdivision 9 of such article. Such subdivision provides that a suit based on a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed. Under such a statute, the opinion under discussion holds that on the venue hearing the plaintiff must plead and prove that a crime, offense, or trespass was committed in the county where the suit was filed. Such holding is based on the very wording of the statute involved. In the case at bar the burden was on the plaintiff to plead and prove the venue facts necessary to maintain this suit outside the county in which this land is situated. He did not meet this requirement by merely proving that the Herringtons actually had no legal claim or adverse title to that alleged in his petition.

Goolsby v. Bond, supra. To the contrary, to meet this requirement he had to plead and prove that the Herringtons were not claiming any such title, or that their claim in such respect was fraudulent and not in good faith. In our opinion the testimony offered by Glasscock utterly fails to meet this requirement.

The motion to certify filed by the Herringtons in the Court of Civil Appeals prays that that court certify to this Court several questions. We think that the fourth question requested is sufficient. Such question reads as follows:

"Under the facts stated did the trial court err in overruling the plea of privilege?"

It is ordered that the Court of Civil Appeals either follow this opinion and reverse the judgment of the district court, and order the venue of this case changed to the District Court of Stephens County, Texas, or that such court certify to this Court the requested question above quoted.

Opinion delivered October 6, 1943.