## CARR v. DeWITT.
### No. 11650.

Court of Civil Appeals of Texas. Galveston.

Oct. 19, 1944.

Rehearing Denied Nov. 16, 1944.

P. Harvey, of Houston, for appellant.

Sewell, Taylor, Morris & McGregor, of Houston, and Moss & Moss, of LaGrange, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Harris County sustaining a plea of privilege in an action brought by appellant, Alma Carr, for the partition of certain land situated.in Fayette County, Texas.

The defendants named in the suit were Dick Young, a resident of Harris County, Texas, who answered, admitting that he owned a ⅛ undivided interest in the land sought to be partitioned, A.M. Frierson, a resident of the State of Oklahoma, who was alleged to own an undivided ½ in-. terest in said land, and appellee, Dean DeWitt, a resident of Fayette County, Texas, who was alleged to own a ¼ undivided interest in said land. Appellant alleged in her petition that she owned a ⅛ undivided interest therein.

Appellee duly filed his plea of privilege to have said suit tried in Fayette County, Texas, the county of his residence. He later filed an amended plea of privilege in which he alleged that appellant's suit as brought, though purporting to be a statutory action for partition of the land described in plaintiff's petition, was in fact a suit for the recovery of said land and to litigate and quiet the title to an undivided ½ interest therein within the meaning of subdivision 14 and the last clause of subdivision 13 of Article 1995, Vernon's Annotated Civil Statutes; that said suit. related to lands which are located wholly within the boundaries of Fayette County, Texas, and that appellant, Alma Carr, and defendant, Dick Young, in fact owned no right, title, or interest in such lands, or any part thereof; that this fact was known to appellant and Young and that said suit was not in fact maintainable as a partition suit in Harris County, Texas, because the only two persons owning interests in said land were appellee and defendant, A. M. Frierson, neither of whom resided in Harris County, Texas.

Appellant filed her controverting affidavits, duly verified, wherein she denied the allegations of appellee's plea of privilege.

Upon a hearing before the court on the allegations of said pleas of privilege and controverting affidavits, an order was entered sustaining appellee's plea of privilege and directing the transfer of the case to the district court of Fayette County, Texas. Appellant appeals from this order.

In the recent case of Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307, 308, in which the facts and issues involved were similar in all material re-

**260**

spects to those in the instant case, the Supreme Court, in holding that if a suit brought for the partition of land involves a disputed issue of title the venue thereof is controlled by Subdivision 14 and not by Subdivision 13 of Article 1995, Vernon's Annotated Civil Statutes, laid down the following rule: "Subdivision 14 of Article 1995 of our Civil Statutes requires that all suits involving a disputed issue of title to land shall be brought in the county in which the land is situated. Subdivision 13 of the same article provides, among other things, that a suit to partition land may be brought in the county in which the land, or any part thereof, is situated, or in any county in which one or more of the defendants may reside; but that, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land.' It is settled by the decisions of this court that Subdivision 14 of Article 1995, supra, governs all suits which involve disputed issues of title to land in this State. In this regard it is also settled that venue cannot be laid outside the county where the land is situated, in a partition suit under Subdivision 13 of Article 1995, supra, if such suit involves a disputed issue of title to such land or any part thereof." (Citing numerous authorities.)

In that case the Supreme Court further held that in a partition suit plaintiff did not meet the burden of pleading and proving venue facts necessary to maintain the suit outside of the county wherein the land was situated by merely proving that defendants had no legal claim or title adverse to that alleged in plaintiff's petition, but that he was bound to plead and prove that defendants were not claiming any such title or that their claim of title was fraudulent and not in good faith.

■ Applying the above rule as to appellee's claim of adverse title to the land sought to be partitioned, the record shows that appellee, in his amended plea of privilege, not only alleged that appellant's suit for partition was, in fact, a suit for the recovery of the land involved, but he alleged specifically that appellant and defendant, Dick Young, owned no interest in said land, but that he and defendant, A. M. Frierson, were in possession thereof and claimed title thereto.

Appellant testified in the trial court that she knew that appellee was in possession of said land and that he was claiming it under the will of her deceased husband. She admitted that she had unsuccessfully contested the probate of said will in the courts of Fayette County, Texas. Under this record it is clear, we think, that there is no evidence in the record tending to show that the court which tries this case will not be called upon to determine a disputed issue of title to said land between appellant, Alma Carr, and Dick Young, on the one side, and appellee on the other.

■■ As to whether appellee's claim of title was fraudulent and not in good faith: Under the well established rule that, on appeal from an order overruling or sustaining a plea of privilege, every reasonable intendment must be resolved in favor of appellee's contentions (Friedrich Sales Corporation v. Deitrick, Tex.Civ.App., 134 S.W.2d 760, and cases there cited), the order of the trial court, read in the light of the testimony, must be construed as an affirmative finding by the trial court that appellee's claim of title to said land adverse to appellant was asserted in good faith.

It follows that the judgment of the trial court sustaining appellee's plea of privilege and ordering the transfer of said cause to the district court of Fayette County, Texas, must be affirmed.

Affirmed.