GILBERT et al. v. GILBERT et al.

No. 11589.

Court of Civil Appeals of Texas.
San Antonio.

March 6, 1946.

Dissenting Opinion April 10, 1946.

Rehearing Denied July 24, 1946.

Herbert Oliver, of San Antonio, and L. B. Cooper, of Cotulla, for appellants.

Bismark Pope and Horace C. Hall, both of Laredo, for appellees.

MURRAY, Justice.

This is a plea of privilege case. It was instituted in the 73d District Court of Bexar County by Mrs. J. H. Gilbert and others against Roy J. Gilbert and others. The suit, as disclosed by the petition, is for partition of personal property which is being used by the Roy J. Gilbert Truck Lines. Roy J. Gilbert and his wife, George Gilbert, filed a plea of privilege to be sued in Webb County, the county of their residence. A controverting affidavit was filed by plaintiffs. The plea of privilege was sustained by the trial court and the cause ordered transferred to Webb County, from which order the plaintiffs have prosecuted this appeal.

We are of the opinion that the trial court committed error in sustaining the plea of privilege. Subdivision 13 of Art. 1995, Vernon's Ann.Civ.Stats., provides, in effect and among other things, that a suit for the partition of personal property may be brought in the county where the property or a part thereof may be, or in the county where one or more defendants may reside. This subdivision contains other provisions relating to the partition of land, which are immaterial here. In the case at bar the petition discloses that this is a suit for the partition of personal property, and the evidence shows that a part of the property is located in Bexar County, and that at least two of the defendants reside in Bexar County.

Where venue is based in whole or in part upon the nature of the lawsuit such fact is ascertained by an examination of plaintiff's petition unless fraud is both pleaded and proved. Eastham v. Farmer, Tex.Civ.App., 193 S.W.2d 568; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ. App., 190 S.W.2d 518.

Where venue is based in whole or in part upon the location of property or the residence of a defendant, such facts should be established by the preponderance of the evidence. George v. Northwest Engineering Company, Tex.Civ.App., 156 S.W.2d 576.

Appellees contend, however, that only a small portion of the personal property to be partitioned was shown to be located in Bexar County. This is true, but the statute says "a part thereof," and such provision would include a very small part of the property.

Appellees next contend that there is no controversy between the plaintiffs

who reside in LaSalle County and the defendants who reside in Bexar County. We think this is immaterial. Quite often in a partition suit there is no real controversy between any plaintiff and any defendant other than that they simply desire to have the property divided. Again, there is nothing in subdivision 13 which indicates that there would have to be a controversy between the plaintiff and a resident defendant before venue could be fixed in the county of the residence of such a defendant.

Appellees next contend that subdivision 13 should be construed to mean that whenever a defendant asserts an adverse claim to or interest in the property to be partitioned, or seeks to recover the title to the same then venue would lie exclusively in the county of the residence of such defendant, unless all the property was located in one county in which case venue would be fixed by the provisions of subdivision 10 of Art. 1995, Vernon's Ann.Civ.Stats. To so hold would give to subdivision 13 a meaning not there expressed.

Subdivision 13 reads as follows:

"13. Partition.—Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land."

▮ The phrase, "or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same," does not restrict or in any way limit the prior provision, "or in the county in which one or more of the defendants reside." If the Legislature had intended the latter provision to be a limitation or a restriction upon the prior provision it could very easily have said so, in so many words. It is significant that the last sentence of subdivision 13 provides that nothing therein contained shall be construed as fixing the venue of a suit to recover the title to land,

but conspicuously says nothing about suits to recover the title to personal property.

It is true that in the case of Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223, Justice Critz, speaking for the Supreme Court, said, in effect, that the provision, "or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same," applies only to personal property, but he did not go further and say that it restricted or limited the prior provision in subdivision 13, to the effect that suits for the partition of personal property may be brought in the county in which one or more of the defendants reside.

Appellees call to our attention the fact that at one time subdivision 13 contained a phrase in connection with the provision that a partition suit might be brought and prosecuted in the county of the residence of any one or more of the defendants, reading as follows: "Notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same," which phrase by amendment has been eliminated from the subdivision. Appellees deduct from such action by the Legislature that it intended to provide, in effect, that where one defendant asserted title to the personal property sought to be partitioned, then, and in that event, venue would lie only in the county of the residence of that defendant or in the county where all the personal property was located. We cannot accept this as a proper deduction. As we have said before, if this was what the Legislature intended it could very easily have said so. We cannot give such meaning to the language which the Legislature did use in amending subdivision 13.

It occurs to us that the petition revealing on its face that this is a suit for the partition of personal property, and the evidence establishing that a part of that property is located in Bexar County and, further, that some of the defendants who are proper and necessary parties to the partition suit reside in Bexar County, venue was shown to exist in Bexar County.

The order of the trial court sustaining the plea of privilege is reversed and it is here ordered that the plea of privilege be overruled.

Reversed and rendered.

NORVELL, Justice (dissenting).

Upon rehearing, it seems advisable to amplify certain remarks made in the original dissenting opinion filed by me in this case. The original dissenting opinion is consequently withdrawn and the following substituted therefor.

The majority opinion impliedly holds, and I agree with such holding, that venue of this suit in Bexar County, if maintainable at all, must be sustained by virtue of exception 13 of Article 1995, Vernon's Ann. Civ.Stats. I disagree with the majority as to the proper construction of the provisions of said exception. This exception, set forth in numbered paragraphs for convenient reference hereafter, reads as follows, to-wit:

"Suits for the partition of land or other property may be brought—

"(1) in the county where such land or other property, or a part thereof, may be, or—

"(2) in the county in which one or more of the defendants reside, or

"(3) in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same.

"Nothing herein shall be construed to fix venue of a suit to recover the title to land."

The numbering of the paragraphs above set out is taken from the opinion of the Supreme Court in Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223, in which case it was held that paragraph 3 applied only to personal property. Personal property only is involved in this case.

Prior to the 1925 revision of our statutes, the venue exception relating to suits for partition read as follows, to-wit:

"Suits for the partition of lands or other property may be brought in the county where such lands or other property of a part thereof, may be, or in the county in which one or more of the defendants reside, and any such suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same, provided that nothing herein shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever on the trial of the case, the co-tenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land." Acts 1919, 36th Leg. Ch. 93, p. 152.

It seems apparent that the legal position of the "adverse claimant" is radically different under our present statute from that occupied by him under the Acts of 1919, consequently, it must be concluded that the Legislature intended to change the rule under which venue as to the "adverse claimant" could be maintained in any county of the residence of any one or more of the defendants, regardless of his assertion of an adverse claim to the property.

The term "suit for partition" may be given either a broad or restrictive meaning. Broadly speaking, a suit for partition is any suit in which, among other things, a partition of property is requested. In a restricted sense, a "suit for partition" is limited to one in which all of the parties thereto are co-owners of property and one or more of said parties desire that the co-ownership be terminated and the property be divided among them in severalty or the property sold and a division of the proceeds effected.

In my opinion, the term "suits for the partition" used in exception 13, when applied to paragraphs 1 and 2, above set out, must be construed as meaning "suits for the partition" within the strict meaning of the term. "A cardinal rule of construction requires that all the language and every part of a statute shall be given effect if reasonably possible." 39 Tex.Jur. 208, § 112. If it be considered that the class of defendants described in paragraph 3—ad-

verse claimants—are included within the term "defendants" as used in paragraph 2 of the exception, it is apparent that no case would be·governed or controlled by paragraph 3, and the provisions thereof would be rendered wholly inoperative.

By way of illustration of my views of the proper construction of exception 13, I take the following hypothetical case:

A sues B and C. He alleges that he, A, and B are co-owners of certain personal property which he desires to have partitioned. A also alleges that C is asserting a claim in the property which is unfounded, but which he desires to have adjudicated. B comes under paragraph 2, but C does not. C is not a party to a strict partition suit but comes under paragraph 3 as an adverse claimant. Assuming that B and C reside in different counties, A could not maintain that portion of the suit involving conflicting claims of title against C in the county of B's residence over C's objection.

Similarly, A sues B and C. He alleges that he, A, and B are co-owners of certain personal property which he desires to have partitioned. A also alleges that C is asserting a claim to the property which is unfounded, but which he desires to have adjudicated. The suit is filed in X County, where a part of the personal property is situated, but a county in which neither B nor C reside. Venue against B may be maintained in X County, as B is a party to a strict suit for partition and comes within the purview of paragraph 1 of exception 13. However, C is not a party to a strict suit for partition and consequently venue as to him is controlled by paragraph 3 of exception 13.

It seems to be recognized by the majority and I am likewise of the opinion that exception 10 of Article 1995 has no application to this case. This exception provides that, "suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides."

The phrase, "or a part thereof," used in connection with the word property is omitted from exception 10, although it is included in exception 13. While the petition which was made a part of the controvert-

ing affidavit specifically described certain trucks and conveyances and alleges that there is certain other property and "assets the extent of which is unknown to plaintiffs," the evidence discloses that none of the specifically described property is located in Bexar County. Apparently the truck lines organization which with its property is the subject matter of this suit, does have a chattel interest in a freight terminal in Bexar County, together with furniture and equipment, incident to operations conducted at said terminal. These chattels situated in Bexar County are correctly described by the majority as being only a small portion of the personal property involved.

Since, as above pointed out, exception 10 omits the words "or a part thereof" with reference to property, it can hardly be contended that by virtue of said exception a person operating and controlling a business organization having pieces of personal property situated in numerous counties of the State, can be required to litigate his title to the entire organization and all of its property in any county wherein the organization may have a chair or a typewriter. True, the title to the typewriter or the chair might be litigated in the county where the same is located, but exception 10 seemingly goes no further than that.

As I view it, appellees have based their claim of venue in Bexar County upon the claim that they have a suit for partition and consequently, the construction of exception 13 must decide the case.

A further complication of this suit arises by reason of the fact that Roy J. Gilbert under the allegations of the petition, comes within the provisions of paragraph 2 of exception 13 above set out, that is, he is made a party to a strict partition suit. However, in his plea of privilege, he asserts an adverse claim of title to all the property which the plaintiff seeks to have partitioned. By his pleadings he brings himself within the purview of paragraph 3.

Since it may not necessarily be ascertained from an inspection of the petition alone whether or not any particular person named as a defendant therein "may assert an adverse claim to or interest in such

property, or seek to recover title to the same" it seems that the adverse claimant defendant is afforded an opportunity to raise this issue by appropriate pleadings, as was done in this case.

An issue raised by allegations contained in a proper pleading which contradict the allegations of a petition obviously raise an issue which can not be determined by an inspection of the petition alone.

In cases involving the assertion of an adverse claim of title to real property raised in a suit in which among other things, a partition is sought the Supreme Court has repeatedly held that exception 14 of Article 1995 is controlling both by reason of its mandatory nature and the provision contained in exception 13, that "nothing herein shall be construed to fix venue of a suit to recover the title to land."

In my opinion, the venue of a suit in which an adverse claim of title to personal property is involved (in a case wherein among other things a partition is sought) is fixed by the terms of exception 13 itself in the part thereof which for convenience has herein been designated as paragraph 3.

In Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307, a real property case, it was held that when the issue of adverse claim was properly raised the burden devolved upon the plaintiff asserting venue in the county where the suit was filed, to show that the alleged adverse claimant was not in fact claiming adverse to plaintiff's title.

In my opinion the rule above stated is applicable to cases involving adverse claims to personal property as well as cases involving real property. There is of course this difference: In case the adverse claimant is successful in the venue contest and real property is involved the proper order is one transferring the case to the county where the real property is situated; where personal property is involved, the adverse claimant who is successful in the venue contest brings himself within the purview of paragraph 3 of exception 13 and the suit may not be maintained against him in any county other than that of his residence. The venue of the case should accordingly be transferred to such county.

In this case there is no evidence tending to show that Roy J. Gilbert is not claiming adversely to the plaintiff as well as all other parties to this suit with the exception of his wife. The evidence shows that he is and has been for a number of years in possession of the property operating and using it as his own, in total disregard to the claim of co-ownership asserted by plaintiff in this suit. In fact, from the plaintiff's standpoint the evidence is wholly insufficient to establish even a prima facie case of co-tenancy.

I do not base my opinion upon any theory that plaintiffs' suit is fraudulent or the joinder of Roy J. Gilbert was effected for the fraudulent purpose of conferring an apparent venue upon a Bexar County Court. My position in view of the evidence is that the district court, under a proper construction of exception 13, was correct in sustaining the plea of privilege and changing the venue to Webb County.

On Motion for Rehearing.

MURRAY, Justice.

Pending motion for rehearing in this cause, we certified to the Supreme Court the following questions, which have been answered as indicated:

"1. Should the so-called third paragraph of Subdivision 13, Article 1995, Vernon's Ann.Civ.Stats., reading as follows: 'or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same' be construed, when considered in the light of all the facts in this case, as giving Webb County exclusive venue of the cause, thus requiring the sustaining of appellants' plea of privilege?" Answer: "No."

"2. In view of all the facts and circumstances of this case, did the majority of this Court err in holding that the nature of the suit was determinable by reference to plaintiffs' petition alone?" Answer: "No."

The opinion of the Supreme Court was delivered June 19, 1946, and is reported in 195 S.W.2d 936.

In keeping with the opinion of the Supreme Court, appellees' motion for a rehearing is overruled.