**MAGNOLIA PIPE LINE COMPANY,**
Appellant,

v.

**Willis D. MOORE et al., Appellees.**

No. 15723.

Court of Civil Appeals of Texas.
Fort Worth.

June 1, 1956.

Rehearing Denied June 29, 1956.

Earl A. Brown, Chas. B. Wallace, and Jack Vickrey, Dallas, Thompson, Walker, Smith & Shannon and Paul C. Cook, Fort Worth, for appellant.

Holland & Moore, Athens, Hill & Paddock and John G. Street, Jr., Fort Worth, for appellee.

R. H. Whilden and C. E. Nadeau, Houston, for Shell Pipe Line Corp.

Robert L. Derby, Houston, for Texas Pipe Line Co.

Turner, Rodgers, Winn, Scurlock & Terry, and Lon Sailers, Dallas, for Service Pipe Line Co.

BOYD, Justice.

The defendants in the trial court appeal from an order overruling their plea of privilege, and the plaintiff appeals from an order refusing its application for a temporary injunction.

Magnolia Pipe Line Company filed the suit praying that defendants be temporarily restrained, temporarily enjoined, and permanently enjoined from building a dam and from "inundating and flooding the rights of way, easements and pipe line owned by plaintiff" and from "taking any action which would in any manner injure or damage said pipe line, easements or rights of way or will interfere with, affect, prejudice, impair or prevent this plaintiff from the full and unconditioned and unqualified use and enjoyment of the rights, privileges, easements and estates granted to it" by certain deeds to lands in Henderson County. The defendants are Willis D. Moore, Robert S. L. Fisher, Ray Adams, and Mac Adams, who reside in Henderson County, Texas; A. F. Kauffmann, III, who resides in Tarrant County, Texas; and W. C. Fisher, who resides in Galveston County, Texas.

Defendants filed a plea of privilege, setting out the counties of their respective residences, and alleged that the suit was "for the recovery of land or to remove an encumbrance upon the title of land, or to quiet the title to land or to prevent or stay waste on land, which land is located in Henderson County, Texas, that under Sec. 14, Art. 1995, such suit must be brought in the County in which such land is located, * * *" and that "No exception to exclusive venue in the County of one's residence provided by law exists in said cause, unless it be Section 14 of Art. 1995, R.C.S., State of Texas." Prayer was that the cause be transferred to the District Court of Henderson County, and defendant W. C. Fisher prayed in the alternative that the cause be transferred to Galveston County.

■ A temporary restraining order was granted, and by agreement was continued in effect until the court could hear the plea of privilege and the application for a temporary injunction. Upon hearing, the plea of privilege was overruled, the restraining order was dissolved, and the application for a temporary injunction was denied. We have reached the conclusion that the plea of privilege should have been sustained, and that reversible error is not reflected in the court's refusal of the temporary injunction.

Article 1995, subd. 14, R.C.S., is as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

It has been held that whether a suit is such that the venue is controlled by Article

1995, subd. 14, must be determined from the plaintiff's petition. Joy v. Joy, Tex.Civ. App., 254 S.W.2d 810, and authorities there cited; Gilbert v. Gilbert, Tex.Civ.App., 195 S.W.2d 930; Klein v. Sibley, Tex.Civ. App., 203 S.W.2d 239.

Plaintiff alleged that it "purchased * * * and is the present owner of, certain rights of way deeds granting easements for pipe line purposes in lands in Henderson County, * * * Said right-of-way deeds vested in plaintiff 'the right of way, easement and privilege to lay, repair, maintain, operate and remove pipe lines for the transportation of oil, gas, water, or any other fluid or substance * * * over and through' said lands;" "that it had constructed and for many years had maintained a crude oil pipe line across the land; that plaintiff owned the dominant and superior estate in the lands and the grantors reserved the inferior and junior estate; that the grantors and their successors in estate are obligated, concluded, bound and estopped from taking any action or making any use of the lands and rights and titles reserved by them that would interfere with or restrict the full and untrammeled enjoyment by plaintiff "of the rights, privileges, titles and easements so granted;" that defendants other than Ray and Mac Adams claim ownership "as the successors in estate and interest" of some of the grantors, and "thereby acquired the junior and inferior title to said lands and premises, subject to the dominant and superior title and estate of this plaintiff, and succeeded to and became at law and in equity bound by the same burdens, duties and obligations" of their predecessors in title, they having purchased the land subject to plaintiff's easement rights; that the owners of the subservient estate have contracted with defendants Adams to construct a dam on their lands which will impound water over a large area of the land where plaintiff's pipe line is located and over its easement and right of way; that defendants will proceed with the construction of the dam unless restrained; and that unless defend-

ants are enjoined, plaintiff will suffer immediate, irreparable and incalculable injury, loss and damage.

A consideration of the petition leads us to believe that before plaintiff can recover it must establish its claimed easement, which is an interest in land, and can only be granted by deed. 15–B Tex.Jur., p. 265, sec. 16; Parsons v. Hunt, 98 Tex. 420, 84 S.W. 644; Miller v. Babb, Tex. Com.App., 263 S.W. 253; Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885.

Plaintiff says this is an injunction suit, not a title suit. It is true that its prayer is for injunctive relief only. But its right to an injunction depends on its title to the land which defendants will inundate, which title it alleges is the superior and dominant one, and that the title of defendants is inferior and subservient. We do not think plaintiff could establish its dominant estate without offering evidence of title. And if defendants have the dominant estate, plaintiff might not recover at all. In order to take the case from the operation of the cited subdivision, it seems that plaintiff has the burden of showing that defendants not only do not have such title as would authorize them to inundate plaintiff's alleged right of way, but that they claim none. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; Posey v. Williamson, Tex.Civ.App., 134 S.W.2d 335; 15–B Tex.Jur., p. 312, sec. 46; Carleton v. Dierks, Tex.Civ.App., 195 S.W. 2d 834; Jackson v. First Nat. Bank, Tex. Civ.App., 290 S.W. 276.

In Carleton v. Dierks, supra [195 S.W.2d 835], we find the following language: "It is manifest that the suit involves title to the easement, which constitutes an interest in land, and that the venue was properly laid in Comal County under Art. 1995, Sec. 14, * * *. The cases are not in point which hold that an injunction suit brought only to protect a right of way easement from infringement, where the right to the

easement is conceded and not involved in the suit, does not fall within the purview of Art. 1995, Sec. 14." In Coughran v. Nunez, supra [133 Tex. 303, 127 S.W.2d 887], it is said: "It would have been wholly unnecessary for plaintiff to go to such length in alleging his right and title to the easement claimed by him, unless it had been necessary to establish such right by proof. This necessarily involved the trial of title to real estate. To assume that he owned the easement is to assume the whole case in his favor."

The petitions in Pena v. Sling, supra, and Herrington v. McDonald, supra, were in form statutory actions for partition of land. Each suit was brought in a county other than where the land was located. The pleas of privilege in both cases stated that in reality the suits were for the recovery of or to establish title to land. In both cases the Supreme Court held that the venue was in the county where the land was located. Answering a certified question in Pena v. Sling, the court said that the plaintiffs did not meet the burden resting upon them to sustain venue by introducing their original petition showing the nature of their suit to be strictly and exclusively a statutory action for partition, and by showing that three of the defendants resided in the county of suit. In Herrington v. McDonald, the court said that in a partition suit, where there was no evidence that the trial court would not be called upon to determine a disputed issue of title to land, the venue must be changed to the county where the land was situated.

 Defendants contend that if the venue is changed, the question of a temporary injunction will be moot, and that any judgment with reference to the injunction would be cancelled. However that may be, we do not think a clear abuse of discretion is shown by the court's refusal of the temporary injunction. Texas Foundries, Inc., v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551. 261 S.W.2d 549. Plaintiff concedes in its brief that "When the case is fully developed on a trial on the merits it may be possible for the trial court to make an adjustment of the correlative rights of Plaintiff and Defendants so as to accommodate the use of the owner of the dominant estate and the owners of the servient estate, * * *." Where there is reasonable doubt of plaintiff's right of ultimate recovery, a temporary injunction should be refused on the ground of balance of conveniences. Bates v. Texas Electric Ry. Co., Tex.Civ.App., 220 S.W.2d 707. Plaintiff's witnesses testified that at a cost of about $12,000 the pipe line could be conditioned to operate under water. It was shown that the pipe line now runs through a boggy marsh. One of plaintiff's witnesses said, "If it's wet, it's wet. I don't see how you could make it wetter by pouring more water on it." Furthermore, it is not shown that the lake is not already completed. In its brief, plaintiff admits that defendants refused its request to desist from building the dam; and in its amended original petition, upon which it went to trial, appellant said that it did not know what action had been taken by defendants since the issuance of the temporary restraining order.

The judgment refusing the temporary injunction is affirmed, and the judgment overruling the plea of privilege is reversed and rendered and the venue is changed to the District Court of Henderson County. The costs in the trial court and in this court are adjudged against plaintiff Magnolia Pipe Line Company.