H. L. HAWKINS, Individually, and as a Partner of Hawkins & Hawkins, Appellant,

v.

Mrs. Ernestine C. GILGER, Appellee.

No. 14695.

Court of Civil Appeals of Texas.

Houston.

Jan. 27, 1966.

Rehearing Denied Feb. 17, 1966.

---

Fulbright, Crooker, Freeman, Bates & Jaworski, John M. Jamison, Jerry Lee Hughes, Houston, for appellant.

Fred W. Moore, Robert B. Hinsley and Robert L. Dabney, Jr., Houston, for appellee.

WERLEIN, Justice.

Appellant, H. L. Hawkins, individually, and as a partner of Hawkins & Hawkins, appeals from the judgment of the trial court overruling as a matter of law his plea of privilege praying that the suit brought by appellee, Mrs. Ernestine C. Gilger, against him for an accounting and damages be transferred to Cass County, Texas, where are located the various tracts of land from which the minerals sold were produced, on the ground that appellee's suit is essentially a suit for the recovery of title to an interest in land and exclusive venue lies in Cass County under Subdivision 14 of Article 1995, Vernon's Annotated Texas Statutes.

The trial court, in its order overruling said plea of privilege on July 8, 1965, recited, among other things:

"It, also, appearing that Plaintiff filed a Motion to Overrule said Plea of Privilege of H. L. Hawkins, Sr., individually and as a partner in said partnership of Hawkins and Hawkins as a matter of law, and the parties interested in said Plea of Privilege announced ready with reference to said Motion, and after considering the pleadings and argument of counsel, this Court finds that said Motion should be granted and that the said H. L. Hawkins, Sr., individually and as said partner, should be held to have appeared generally herein and to have answered to the merits as set forth in said Plea of Privilege, particularly with reference to Special Denials in said Plea of Privilege (exclusive of the Special Denial concerning denial of partnership), all of which, this Court finds amounted to a general appearance and resulted in a waiver of said Plea of Privilege; and

"This Court having duly considered such Plea and Controverting Affidavit and the pleadings and argument of counsel, this Court being of the opinion that said Plea of Privilege should be overruled as a matter of law and that it is not necessary that either party offer any evidence as a basis for overruling said Plea which this Court finds has been waived as a matter of law."

Prior to filing his plea of privilege, appellant filed a motion under Rule 120a, Texas Rules of Civil Procedure, objecting to the jurisdiction of the court, on the ground that he had never been and is not now a resident of the State of Texas but was and is a resident of New Orleans, Louisiana, and that he did not personally maintain an office in Houston, Harris County, Texas, and there had been no citation naming defendant, H. L. Hawkins, Sr., personally served upon him in the State of Texas. He also alleged in said motion the insufficiency of the service of process upon him under Article 2031b, Sec. 2, V.A.T.S., by serving Mrs. Joyce Bohustay, secretary in the Houston office of the partnership of Hawkins & Hawkins.

He further alleged in said motion that plaintiff had apparently attempted service of citation upon him under Article 2033b, V.A.T.S., but that plaintiff's petition did not allege and could not honestly allege a cause of action growing out of or connected with the business conducted by the Houston office of the partnership of Hawkins & Hawkins, and that such partnership was formed and came into existence in the year 1958 while the alleged acts upon which plaintiff's action is based occurred in 1951, 1952 and 1953, and that plaintiff's petition clearly shows on its face that the action as alleged therein was purely personal in nature and in no way related or connected with the partnership firm of Hawkins & Hawkins. He moved that the court enter an order under Rule 120a that the attempted service of citation upon him be held for nought, that the court has no jurisdiction in this cause over his person or property, that he be not required to make further answer herein and that the court award such other relief and make such other and further orders as may be appropriate in connection therewith.

On June 21, 1965, prior to the hearing on appellant's plea of privilege,

appellant filed an instrument in writing in which he made known to the court that he elected not to urge his motion under Rule 120a but to waive the same so as to leave as his initial pleading filed in this cause his plea of privilege to have the case transferred under Subdivision 14, of Article 1995, Revised Civil Statutes of Texas, to Cass County, which he alleged to be the county where the land, the title of which was involved in the suit, is located. Appellee contends that said special appearance motion was fatally defective in that it did not allege that appellant and his property were not amenable to process issued by the courts of this State, and that despite the fact that appellant had undertaken to waive such special appearance, such plea being defective in substance, constituted a general appearance in the case, and resulted in waiving appellant's plea of privilege. We do not agree with such contention. Rule 120a, T.R.C.P., provides that a special appearance may be made by any part either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. This is what appellant's motion was intended to do. It was not in any sense an answer to the merits of the case. It is our view that such motion is substantially correct when it states facts showing that the Defendant is not amenable to process issued by the courts of this State, although it may not allege verbatim the defendant's conclusion that he is not amenable to process. In any event, when appellant waived his special appearance motion he in effect withdrew it and hence submitted himself to the jurisdiction of the court, so that it would not be necessary to obtain service on him other than as was done. The fact that he submitted himself to the jurisdiction of the court did not result in waiving his plea of privilege.

Appellee in her brief asserts that said motion was nothing more than a motion to quash the citation served on the employee of Hawkins & Hawkins. We do not agree, but if appellee is correct, then such motion if quashed, would merely result in the defendant's appearance at 10 o'clock a. m. on the Monday next after the expiration of twenty days after the day on which the citation was quashed. Rule 122, T.R.C.P. It would not constitute, however, a waiver of the defendant's plea of privilege which was properly filed subsequent to the filing of his motion under Rule 120a, and therefore in due order of pleading. Gulf Refining Co. v. Needham, Tex.Civ.App.1950, 233 S.W.2d 919. The cases relied upon by appellee are factually distinguishable from the instant case. Most of them were decided prior to the adoption of Rule 120a.

Appellant asserts that the trial court erred in overruling his plea of privilege as a matter of law and in not transferring the case under Subdivision 14 of Article 1995, V.A.T.S., to Cass County, where the land, title to which was in dispute, is situated. It is apparent from the hereinabove recitation in the court's order overruling appellant's plea of privilege that the court was of the opinion and concluded after considering such plea and appellee's controverting affidavit and the pleadings, that appellant had appeared generally and had waived his plea of privilege as a matter of law because of having inserted therein certain answers as set forth in said plea and particularly the special denials contained therein, and further that it was not necessary to hear any evidence. No evidence was heard and the plea of privilege was overruled as a matter of law.

The second paragraph of Rule 86, which was added to the rule by amendment effective September 1, 1962, deals with a plea of privilege to be sued in a county other than the county of one's residence and reads as follows:

"A plea of privilege to be sued in a county other than the county of one's residence shall be in writing and sworn to and

shall state that the party filing the plea is asserting venue under and by virtue of one or more specific statutory provisions which shall be clearly designated or indicated."

In his plea of privilege appellant without waiving his objections to the jurisdiction of the court and expressly subject thereto, alleged that the basic and fundamental issue in this suit being the title to certain mineral interests in Cass County, Texas, the exclusive venue of the suit is fixed by Article 1995 of the Revised Civil Statutes of Texas, Subdivision 14, which makes it mandatory to bring the suit in the county in which the land or a part thereof may lie.

The plea sets out rather fully that appellee's suit involved the title to land located in Cass County, and was an effort to nullify, cancel and set aside a deed referred to in paragraph VI of plaintiff's petition which was a deed from appellee to one M. T. Grubb, conveying all of appellee's right, title and interest in and to all oil, gas and mineral leases and mineral interests owned by her in certain described surveys in Cass County, Texas, excepting and reserving to her, however, all of assignee's leasehold and mineral interests down to and through present pay formations or horizons including all rights to 6100 feet below surface in said surveys, and assigning only such rights and interest as she might own in such surveys below present producing formations and horizons in said surveys. As to each tract assigned she excepted and reserved as a free overriding royalty her fractional mineral interest or leasehold interest of 7½% of all the oil, gas and other minerals produced and saved from such tract below the present producing formations. Appellant attached to his plea as an exhibit a copy of such assignment, and stated in his plea that the properties described therein were the properties involved in appellee's suit.

We are of the opinion that the plea of privilege in question was intended to be and essentially is nothing more than a plea of privilege to be sued in Cass County where are situated the lands from which were derived the oil and minerals allegedly produced and sold, the proceeds of which appellee seeks to recover. The prayer in such plea clearly shows that no affirmative relief of any kind was sought other than the transfer of the case to the District Court of Cass County. Such prayer reads as follows:

"Wherefore, premises considered, defendant H. L. Hawkins, Sr., individually and as a partner of Hawkins & Hawkins, prays that the Court sustain this plea of privilege and venue, and that this cause be transferred to the District Court of Cass County, Texas, for all further proceedings herein and that all costs down to date be adjudged against the Plaintiff."

Appellant did not invoke action by the court on anything other than such plea and the transfer of the case to Cass County.

The first sentence of the third paragraph of Rule 86 provides:

"When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea."

It is worthy of note that the rule does not prohibit the denial of other matters, but simply specifies that certain matters must be affirmatively denied under oath. The rule apparently contemplates that all other facts relevant to venue will be deemed denied by the filing of the plea of privilege. Among the matters required by Rule 93 to be verified are the following:

"(a) That the suit is not commenced in the proper county.

" * * *

"(c) That the plaintiff is not entitled to recover in the capacity in which he sues, *or that the defendant is not liable in the*

*capacity in which he is sued.* (Emphasis supplied.)

" * * *

"(e) That there is a defect of parties, plaintiff or defendant."

In her original petition appellee alleged in broad terms that appellant Hawkins was in a fiduciary and trust capacity of some kind to her without alleging any details as to how, when or where such trust relationship was supposed to have come into existence. Appellant contends that in order to make clear that the suit was not one for a simple trust accounting but that the real issue was one of title to the Cass County leases, he made verified denials of the specific facts which were apparently supposed to have brought some trust relationship into existence. He undertook to point out that while plaintiff's petition was not altogether clear, it was in fact a suit involving title to lands in Cass County and constituted an effort by appellee to nullify and cancel the effect of a deed which she executed in 1952 to M. T. Grubb, and that such title action would necessitate the joinder of other indispensable parties, and that inherent to her attempt to avoid her 1952 deed, " * * * there must be tried and determined, in addition to the defense that the consideration for said deed was fully performed, the land title defenses of laches, stale demand, estoppel, ratification, and the four year statute of limitations. * * *" She did not, however, plead any of such defenses but simply pointed out that such items were issues which would have to be tried when the case was tried on its merits. There was no plea of not guilty nor any general denial allegations in the venue plea nor the customary defense pleadings to the merits. No action by the court was invoked or prayed for other than a hearing and ruling on the plea of privilege and a transfer of the case to Cass County.

It is true that in paragraph VI of said plea of privilege appellant stated: "While not necessary to this venue plea, this defendant in furtherance and as a part of this venue plea makes the following verified special denials of certain facts alleged in plaintiff's petition: * * *." He denies that he either individually or as a partner of Hawkins & Hawkins, is now or ever has been in any capacity of trustee to appellee; that there has ever been any trust agreement either written or oral, between them; that he has ever conspired or colluded with the other defendants or with any person against appellee; that the consideration for the deed from appellee to Grubb has failed. He says that said deed, being the one described in paragraph VI of plaintiff's petition, was in full force and effect after January 1, 1953, the date that appellee claims to have re-acquired title to the interest conveyed by said assignment. He also denies that plaintiff was an ignorant person, and that he has in any capacity taken advantage of her in any way or form.

It will be noted that these denials are allegedly made in furtherance of appellant's venue plea and at least in part for the purpose of showing that appellant was not acting in the capacity of a trustee and that the suit was essentially one involving title to land. It was apparently the intention of appellant in placing such special denials in his plea of privilege that they should bear upon the issue of venue. He did not invoke any action by the court upon the same or upon the merits of the case. The hearing that was set was solely for the purpose of determining whether the case should be transferred to Cass County. Appellant observed in the pleadings filed by him due order of pleading. He first filed his special appearance under Rule 120a; and then subject thereto his plea of privilege to have the case transferred to Cass County under Subdivision 14, of Article 1995; then he filed his plea in abatement subject to his plea of privilege and finally his original answer including special exceptions, subject to such plea of privilege and his plea in abatement. In his special exceptions and original answer filed July 6, 1965, subject to his plea of privilege and plea in abatement, he pleaded he was not guilty of the wrongs and tres-

passes contained in appellee's second amended original petition, and denied all and singular the allegations therein, and specially denied that he was at any time subsequent to June 8, 1951, a partner with C. C. Gilger (appellee's former husband), and denied that he individually or as a partner with his son in the firm of Hawkins & Hawkins or in any other capacity, is now or has ever been in any capacity of trustee to appellee, and denied there has been any trust agreement, either written or oral, between him in any capacity and appellee, and denied that he had ever conspired or colluded with any of the other defendants in the case or with any other person against appellee. He then pleaded the two, four, five and ten year statutes of limitation, laches and stale demand, and also affirmatively pleaded that appellee voluntarily approved and accepted the Scurlock Oil Company division orders which formed the basis of payments made to appellee from the Cass County properties, and that she approved and agreed to the interpretation given to her December 8, 1952 conveyance to M. T. Grubb by said Scurlock Oil Company in its division orders, and further pleaded that such deed shows on its face appellee's overriding royalty interest.

■ The fact that appellant pleaded in his answer to the merits the special denials, some of which it was not necessary for him to place in his plea of privilege, is further evidence that it was not his intention that such denials should be acted upon by the court in connection with the plea of privilege. It is our view that some of such special denials were not necessary to the plea of privilege. They were pleaded, however, by appellant in furtherance of such plea in an effort to further show that the suit involved title to land. We are of the opinion that the adding of such special denials did not destroy the plea of privilege or constitute a waiver thereof, and that the same, if not necessary, merely constituted surplusage.

For instances in which a Court of Civil Appeals has held that a defendant was not precluded from insisting upon his plea of privilege although the same contained a general denial, see Durrett v. Arctic Air, Inc., Tex.Civ.App., 319 S.W.2d 937; Palmer v. Cheyne Tex.Civ.App., 261 S.W.2d 373.

Our Supreme Court has held in several partition suits, although partition suits are not governed by Subdivision 14 of Article 1995, that if the defendant in his venue plea contends that the suit involves an adverse claim of title, the plea of privilege must be granted under Subdivision 14, Article 1995, unless the plaintiff discharges the burden of showing on the venue hearing that the defendant does not claim an adverse title. In Herrington v. McDonald, 1943, 141 Tex. 441, 174 S.W.2d 307, the Court held that it was not sufficient to defeat a Subdivision 14 venue assertion to show that the defendant did not have an adverse title, but that the plaintiff must show that the defendant filing the plea did not claim an adverse title. This appellee has failed to do in the instant case.

In Pena v. Sling, 1940, 135 Tex. 200, 140 S.W.2d 441, the Court said:

"Under the express provisions of Article 2007, R.C.S.1925, supra, a statutory plea of privilege or venue, duly filed, is 'prima facie proof of the defendant's right to change of venue.' It follows that such a plea is sufficient, in law, to require the plaintiff to assume the burden of pleading and proving that he has a statutory right to maintain his suit in the county where he has filed the same. The burden on the plaintiff to prove his right to such venue is as complete and absolute as is his burden to plead the same. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550. * * *

" * * * It follows that since the burden was on Pena et al. to bring themselves under exception 13, the burden was on them to prove that a land title suit, or suit to recover land, was not involved."

See also Tide Water Oil Company v. Bond, 1940, 135 Tex. 334, 143 S.W.2d 751, where the court by way of amplification of the decision in Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, stated:

"1. That in actions involving title to real estate Subdivision 14 is imperative and dominant.

"2. That even if an action took the form of a partition suit, if in fact a question concerning the title to real estate became injected into the case by defendant's plea of privilege, the venue was governed by Subdivision 14 and not by Subdivision 13. * *

"3. Even though the action was in form of a partition suit, if the defendant in his plea of privilege injected a question affecting the title to land, the burden was upon the plaintiff to plead and prove that the suit was in fact only a partition suit, and that a suit for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on land, was not involved."

In the instant case it is clear that appellant in his plea of privilege did inject a question concerning the title to the land, thus placing the burden upon appellee to plead and prove that the title to land was not in any way involved. The amount of proceeds from minerals sold recoverable by appellee would depend in large measure upon whether the conveyance and assignment by appellee to M. T. Grubb was void on January 1, 1953 for failure of consideration, or whether the same was valid and subsisting. Appellee's interest in the proceeds from royalties thus depended upon a title question in construing the validity vel non of such assignment. Even if there is doubt concerning whether appellee's pleadings placed in issue title to land, there can be no doubt that appellant's plea of privilege did clearly and unequivocally do so. It is worthy of note that in Pena v. Sling, supra, the court quoted the so-called plea in abatement, which was in fact a plea of privilege, as follows:

"'That although the Plaintiff's petition in this case is in form a pleading for a partition of real estate, in fact the Plaintiff seeks principally the recovery of an undivided interest in lands and to quiet the title to such undivided interest in lands. That such lands are not located in Bexar County, Texas, the county in which this suit is instituted, but said lands are located wholly within the boundaries of Duval County, Texas, and that under Subdivision 14, of Article 1995, suits for the recovery of lands or to quiet the title to lands, must be brought in the county in which the land lies, and these Defendants respectfully show that although they are residents of Bexar County, Texas, the county in which this suit was instituted, the exclusive venue of a suit of the kind and character filed by Plaintiff is fixed in Duval County, where the land lies.'"

The court regarded all of the pleadings filed in said case as dealing only with venue, as shown by the following statement of Justice Critz: "No pleadings have been filed in this cause for any defendants, except as bearing on the issue of venue."

See also Renwar Oil Corporation v. Lancaster, 1955, 154 Tex. 311, 276 S.W.2d 774, which was a suit for recovery of a "⅟₆₄th of the money realized by petitioner from the sale of oil and gas produced under the lease executed by them to Geo. H. Gay, Trustee," and which involved several unitization agreements. The Supreme Court, in reversing the Court of Civil Appeals which held that Subdivision 14 was not applicable, said that the suit was essentially one for the recovery of land and to quiet title within Subdivision 14, Art. 1995, even though cast as one for declaratory judgment. The Supreme Court opinion does not discuss the details or the form of the plea of privilege, but the Court of Civil Appeals in its opinion (270 S.W.2d 289), stated:

"Appellee Renwar Oil Corporation filed a plea of privilege which, in addition to the

usual form, contained a paragraph as follows: 'That this is a suit for the recovery of lands and the oil produced therefrom, and to quiet title to same or to prevent or stay waste on land, and said suit involves the title to an interest in lands, which said lands are located in Nueces County, Texas, as is more fully shown by plaintiffs' petition.' "

The mandatory and controlling effect of Subdivision 14 of Article 1995, extends to any suit in which on the venue hearing it appears either from the pleadings or proof that the real controlling issue is a question of title to land or an interest therein regardless of the form of the action or the relief prayed for. In Hammonds v. Hammonds, 1956, 155 Tex. 207, 285 S.W.2d 362, which was a partition suit praying for a partition of lands, the court in holding that venue was governed by Subdivision 14, Article 1995, stated in substance that the plaintiffs had no right to a partition of the three tracts of land because they had no interest in the same,

"and, as a matter of fact, said cause of action is brought in the guise of a suit for partition in an attempt to hold venue in a county in which the land does not lie, when the real nature of the suit is one to recover an interest in land." The Court referred with apparent approval to the holding in Herrington v. McDonald, supra. In that case the Court held that the burden was upon the plaintiff to show that the defendant filing the plea did not claim an adverse title.

The case of W. B. Johnson Drilling Company v. Lacy, Tex.Civ.App., 336 S.W.2d 230, cited by appellee, is factually distinguishable from the instant case. In that case the plaintiffs did not specifically or by implication allege that they were presently the owners of the fractional interest in the mineral leasehold in question. The suit was recited to be one for rent of certain personalty and for the conversion of oil or the proceeds thereof alleged to have been

wrongfully sold under a distraint sale by the Internal Revenue Service. In their controverting affidavit, the plaintiffs did not plead Subdivision 14 of Art. 1995, as the ground for keeping venue in Coleman County, as specified by Rule 86, T.R.C.P., but later raised this possible ground of sustaining venue for the first time on appeal.

See Natural Gas Distributing Corporation v. Williams, Tex.Civ.App., 292 S.W. 2d 353, in which case the court said:

"As we construe the matters alleged in the petition of the appellee, the dominant purpose of the suit is to recover for damages to the appellee's interest in the land in Shelby County. His only interest in that land was that interest which he acquired by the assignment to him by the appellant of an overriding royalty in such land. When he alleged that because of certain acts of the appellant, or failure to act, the appellee's profits from such overriding royalty interest had been lessened, he alleged injury and damage to appellee's interest in that land. We hold that this pleading alleged a suit for damages to land, on the authority of Frost v. Standard Oil Co. of Kansas, Tex.Civ.App., 107 S.W.2d 1037; Humble Oil & Refining Co. v. Monroe, Tex.Civ.App., 129 S.W.2d 454. The trial court did not err therefore in holding that Subsection 14 of Article 1995 applied and was correct in overruling appellant's plea of privilege." See also McCurdy v. Morgan, Tex.Civ.App., 252 S.W.2d 264, which was a declaratory judgment case; and Liles v. McDonald, Tex.Civ.App., 63 S. W.2d 886, which was a suit to cancel a royalty deed allegedly procured by fraud. In both cases Subdivision 14 was held to control the matter of venue.

The judgment of the trial court overruling appellant's plea of privilege as a matter of law is reversed and judgment is here rendered sustaining such plea and ordering the case transferred to a District Court of Cass County, Texas.